In re GROSS.

(District Court, E. D. New York. February 17, 1908.)

ALIENS—NATURALIZATION—DECLARATION OF INTENTION BY MINOR.
  Under Rev. St. § 2165 (U. S. Comp. St. 1901, p. 1329), it was competent for an alien minor over 18 years of age to make a declaration of intention to become a citizen of the United States, and such a declaration is sufficient basis for a final application for citizenship under the proviso to Naturalization Act of June 29, 1906, c. 3592, § 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 420).

Petition for Naturalization. .

William J. Youngs, U. S. Atty., and Hugh Govern, Jr., Asst. U. S. Atty.

Jonas Gross, pro se.

CHATFIELD, District Judge. The petitioner is an alien 25 years of age. He arrived in the United States more than 5 years ago, being at the time of his arrival of the age of 19 years and 4 months. When 19 years and 9 months old he filed a declaration of intention to become a citizen of the United States, and his petition for a certificate of citizenship is now before the court.

The case is typical, in that the petitioner is well educated, has completed his studies for the profession of the law, can apply for examination for admission to the bar of the state of New York as soon as he becomes a citizen of the United States, and more than 5 years have elapsed since the filing of his declaration of intention. The applicant being satisfactory in all other respects, objection is made by the United States attorney on the ground that the law in effect prior to September 23, 1907, did not authorize the filing of a declaration of intention by any person under 21 years of age.

The provisions of the former statute were repealed by Act June 29, 1906, c. 3592, and section 4 of this latter statute (34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 420]), contains the following language:

"That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise:

"First. He shall declare on oath before the clerk of any court authorized by this act to naturalize aliens, * * * two years at least prior to his admission, and after he has reached the age of eighteen years, that it is bona fide his intention to become a citizen of the United States. * * * Provided, however, that no alien who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen of the United States shall be required to renew such declaration."

This statute is now in effect, and the present application is made under its provisions.

It is well recognized that a person in the apparent possession of his faculties, over the age of 14 and under the age of 21, may be a witness in the United States Court, and is presumptively competent to take an oath. Prior to the age of 14 the question of such competency must be determined by the court before the oath can be administered, while under the age of 7 the burden is upon the person offering the witness to satisfy the court that the witness possesses an understanding of the meaning and responsibilities of the oath to be taken. No person under 21 can maintain an action except through the aid of a guardian ad litem or special guardian, as the statutes may provide, but the taking of an oath and the making of a declaration of intention, not capable of being used till the person has reached the age of 21, could hardly be likened to the commencement of litigation for which the party litigating is financially responsible. It is necessary, therefore, to consider the language of the statutes, and to ascertain, so far as possible, the intent of Congress in this particular matter.

Section 2165 of the Revised Statutes (U. S. Comp. St. 1901, p. 1329), which constituted the law formerly in force, is worded as follows:

"An alien may be admitted to become a citizen of the United States in the following manner, and not otherwise:

"First. He shall declare on oath, * * * two years, at least, prior to his admission," etc.

"Third. It shall be made to appear to the satisfaction of the court admitting such alien that he has resided within the United States five years at least," etc.

There is nothing in this statute specifying any requirements as to age, but it has been universally held that final papers cannot be given to an alien applicant under 21. The succeeding statutes grant privileges to certain aliens. Section 2166 provides that any alien, of the age of 21 years and upward, shall be admitted, without previous declaration, provided he has been honorably discharged after enlistment in the regular or volunteer forces of the army of the United States. Act July 26, 1894, c. 165, 28 Stat. 124 (U. S. Comp. St. 1901, p. 1332), contains an exactly similar provision, upon slightly different terms of service and residence, to "aliens of the age of twenty-one years and upwards," who have been honorably discharged from the navy or marine corps.

Section 2167, before repeal, extended a similar privilege to certain other minor residents, in the following language:

"Any alien, being under the age of twenty-one years, who has resided in the United States three years next preceding his arriving at that age, and who has continued to reside therein to the time he may make application to be admit-

ted a citizen thereof, may, after he arrives at the age of twenty-one years, and after he has resided five years within the United States, including the three years of his minority, be admitted a citizen of the United States, without having made the declaration," etc. "But such alien shall make the declaration required therein at the time of his admission; and shall further declare, on oath, and prove to the satisfaction of the court, that, for two years next preceding, it has been his bona fide intention to become a citizen of the United States"; etc.

A strict interpretation of the language of this statute would lead to the conclusion that the alien must be under the age of 21 years after he arrives at that age, but it is manifest that the former words refer to the time of residence prior thereto, rather than being intended as a description of the word "alien." And, again, it will be noticed that this section was merely a privilege to certain aliens, who at the time of applying had never secured such first papers, although they had been of age a sufficient time so to do.

Section 2168 extends the privilege of citizenship, upon taking the prescribed oath, to the widow and children of any alien who has filed his declaration of intention, and dies before becoming actually naturalized. It is manifest that, if no person were entitled to file a declaration of intention until after he had reached the age of 21 years, this provision would be of benefit to less persons than if held to cover the case of an alien who had filed his declaration before becoming 21. The effect of the latter interpretation serves as an illustration of the point involved, but there is nothing in the statutes definitely stating the intention of Congress with reference thereto. The Supreme Court of the United States, in the case of Boyd v. Nebraska, 143 U. S. 135, 12 Sup. Ct. 375, 36 L. Ed. 103, has held that section 2168 gives to the child of a petitioner, dying before obtaining final papers, the privilege of ratifying that act upon becoming 21, again showing that residence during the formative period is the basis of the determination of qualification, and also making it fairly certain that no more risk would be involved under one interpretation than under the other. The qualifications of the person who gains citizenship are the important subjects of scrutiny, rather than the age of the deceased. The doctrine of the voidability of an infant's contract, and the necessity of ratification after arrival at the age of 21, is well established, and has been recently considered in this court in Re Huntenberg, 153 Fed. 768.

The provisions of section 2167, providing for proof, subsequent to arrival at the age of 21 years, of an intention for the two years next preceding, is an apparent recognition of the validity of the intention— that is, of the state of mind of the minor, finally ratified when of age. Numerous certificates have been granted in this court which might be invalidated unless restored by act of Congress, if it should be definitely settled that no paper could have been validly issued without a declaration of intention made by an adult. Inasmuch as the new law provides for all cases in the future, and inasmuch as in this district and in the neighboring Southern district, the rule has been that a declaration by a minor is sufficient, it is believed that the previous interpretations of the intent of Congress should be followed, and in the present case the applicant allowed to have his papers. It might well have been held

from the analogy of the language of section 2167 that Congress intended under the former law to cover by that section all cases of minors under the age of 18, leaving to any person over that age, when arriving in this country, the necessity of filing his declaration of intention; and under the former law no hardship would have been involved, by requiring a person to be at least of the age of 18 years before filing such intention. All aliens would then have been in one of the two classes; that is, those who under 18 required no first paper, and those who over 18 must have filed such a paper. But it is hardly conceivable that Congress would have extended the privilege of applying without first papers to a boy arriving at the age of 17 years and 364 days, while denying it to a boy who arrived at the age of 17 years and 365 days, and who immediately thereafter filed his declaration of intention.

It would seem to follow from this that the necessary intention on the part of Congress to cover all cases adequately and fairly, would indicate that the statutes, when passed, contemplated the sufficiency of a certificate of intention by a minor between the ages of 18 and 21. The provisions of section 2167 having been repealed, and the present law providing for the use of declarations of intention filed under the former law, it would necessarily follow that the recognition of the validity and sufficiency of a declaration by a minor should be extended to any case in which the person was presumptively competent to take the required oath.