## In re POLSSON.

(Circuit Court, N. D. California. February 27, 1908.)

### No. 8.

1. ALIENS—NATURALIZATION—MINORS.

Rev. St. § 2167 [U. S. Comp. St. 1901, p. 1332], providing that an alien who had resided in the United States three years before attaining his majority, might, under specified conditions, be naturalized after reaching his majority, without previous declaration of intention, did not imply that an alien could in no instance make such declaration during minority.

2. STATUTES—FRANCHISES—CONSTRUCTION.

In construing a statute granting a right or privilege in the nature of a franchise, where an ambiguity arises, that construction must be indulged which is most favorable to the persons or class for whose benefit the grant is made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 316.]

3. ALIENS—NATURALIZATION—MINORS.

Since at common law a minor could make any contract not expressly prohibited, and if ratified and confirmed by him at majority it became binding as of the date of its execution, and since while a declaration of intention to become a citizen initiates important rights and obligations, they are more or less inchoate, and the declarant is neither required nor permitted to ratify his act until after his majority, there is nothing in the nature of the declaration which on principle a minor should not be competent to make, if it appears that he is of sufficient age and understanding to appreciate the nature of the act.

4. SAME—DECLARATION OF INTENTION—NATURE.

A declaration of intention to become a citizen is in no sense a complete and binding act, and carries no full rights of citizenship before the final act of admission.

Thor Harold Polsson, in pro. per.
Carlos G. White, Asst. U. S. Atty.

VAN FLEET, District Judge (orally). Petitioner's application for admission to citizenship is based upon a declaration of intention made by him on September 9, 1901, while he was a minor, being but 19 years of age; and it is objected by the government that under the law as it then existed petitioner was not competent, by reason of nonage, to make such declaration, and that it is consequently void and affords no sufficient foundation for the granting of a final certificate. Petitioner being unrepresented by counsel, the United States Attorney has refrained from taking a strictly partisan attitude in the matter, and has offered no formal argument or brief in support of his contention, but has made certain general suggestions in a more or less tentative way, which will be noticed.

The question arises upon the construction to be given to section 2167 of the Revised Statutes [U. S. Comp. St. 1901, p. 1332], which was in force when the petitioner's declaration of intention was made, and read as follows:

"Sec. 2167. Any alien, being under the age of twenty-one years, who has resided in the United States three years next preceding his arriving at that age, and who has continued to reside therein to the time he may make application to be admitted a citizen thereof, may, after he arrives at the age of twenty-one years, and after he has resided five years within the United States,

including the three years of his minority, be admitted a citizen of the United States, without having made the declaration required in the first condition of section twenty-one hundred and sixty-five; but such alien shall make the declaration required therein at the time of his admission; and shall further declare on oath, and prove to the satisfaction of the court, that, for two years next preceding, it has been his bona fide intention to become a citizen of the United States; and he shall in all other respects comply with the laws in regard to naturalization."

The construction of this section in the particular here involved has arisen heretofore in a number of instances, and has given rise to some diversity of judgment in the courts by which it has been considered, a number of courts, both state and federal, holding with the present contention of the government, and others taking a contrary view; but unfortunately the reasoning by which the conclusion of the court was reached in any of such instances is not available, owing to the fact, doubtless, that up to the adoption of the recent legislation by Congress revising our naturalization laws (Act June 29, 1906, c. 3592, 34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 419]) these applications have been uniformly regarded as in no sense adversary proceedings, but largely if not wholly ex parte matters, and judges have contented themselves with an oral expression of their views in a more or less informal way, and of which no written evidence has been kept. We are therefore without precedent in the nature of judicial expression, beyond the bald effect of the order entered in any particular case.

After a somewhat careful consideration, I am unable to regard section 2167 as necessarily demanding the construction contended for. It is not pretended that Congress has by its terms made any express declaration that a minor cannot be permitted to make the declaration in question, but the contention is, in effect, that in providing that an alien coming here a minor, may, under the particular conditions therein specified, be admitted without a declaration made previous to the time of his admission, it has by implication said that an alien shall in no instance be competent to take such step during minority. But to my mind it would be a strong thing to say that the first proposition is the equivalent of the last. It must be borne in mind that we are dealing with a statute which grants a right or privilege in the nature of a franchise, and it is a familiar rule that in construing such a grant, where an ambiguity arises, that construction is to be indulged which is most favorable to the persons or class for whose benefit the grant was made. The language employed to express the intention of Congress is admittedly ambiguous, and may have had one object or may have had another, but we are only concerned with the purpose to the extent of determining whether it was precisely what is here contended for. It is admitted that the provision would, by its terms, apply to one who was 50 years old at the time of final hearing equally with one just arrived at his majority. Why, therefore, the peculiar limitation found in the statute should have been employed it is difficult to say.

It is suggested that the construction contended for is in harmony with the rule at common law that a minor is not competent to enter into a contract; and that the declaration of intention is in the nature of a compact with the government under which reciprocal obligations of fidelity on the one part and protection on the other arise between the

parties, thus constituting a convention that should only be entered into by one in all respects sui juris. The answer to this is that at common law a minor could enter into any contract not expressly prohibited, and if ratified and confirmed by him at majority it became binding and obligatory and took effect as of the date of its execution. And while a declaration of intention initiates important rights and obligations, they are admittedly more or less inchoate in character, and the declarant is neither required nor permitted to ratify or confirm his act until after he has become of full age and understanding. It is simply a first step in the process required by the law, the purpose of which is, in view of the grave nature of the proposed change by the alien in his political relations, that the final step may be taken with due deliberation and consideration. It is in no sense a complete or binding act, and carries no full rights of citizenship before the final act of admission. Van Dyne on Citizenship, § 24. There is nothing, therefore, in the nature of the declaration which on principle a minor should not be competent to make, so long of course as it appears that he is of sufficient age and understanding at the time to appreciate the nature of the act; and Congress has itself distinctly recognized that there is no inherent reason or rule of policy which should render a minor incompetent to take such a step, by expressly providing that he may. See section 4 of the act above cited.

Counsel calls attention to an expression by Mr. Van Dyne (Van Dyne on Citizenship, § 40), taking the position now urged by the government; but the text shows that this view is merely an assumption of the author, the only authority for which is a reference to an incidental statement to that effect found in the official correspondence of the Department of State, referred to in 2 Wharton's International Law, § 173, where the question here was very evidently not the essential point under consideration, and where no reasons for the attitude taken by the Secretary of State are suggested. While an expression of opinion from so high a source is entitled to great respect, I am constrained to think that it should not be regarded as sufficient to countervail the considerations leading to the contrary view.

Reading the statute in the light of the suggestions made, my conclusion is that it should not be given a construction that would invalidate the declaration of intention made by petitioner; and I am at liberty to state that this view is concurred in by my associates in this district.

The evidence as to residence, character, and fitness being in all respects free from exception, and sufficient to satisfy the law as to petitioner's general qualifications, the application should be granted, and it is so ordered.