## In re SPITZER.

(Circuit Court, N. D. Illinois, E. D. March 18, 1908.)

### No. 12.

ALIENS—NATURALIZATION—DECLARATION OF INTENTION BY MINOR.

Rev. St. § 2167 [U. S. Comp. St. 1901, p. 1332], which provided that an alien who had resided in the United States 3 years before reaching the age of 21, and continued to reside therein, might, after reaching such age and after having resided within the United States for 5 years, be admitted to citizenship without having made the previous declaration of intention required by section 2165, was in effect a declaration by Congress that no step, looking to naturalization, should be taken by a minor, and a declaration of intention made by a minor alien while such statute was in force is of no effect.

Application for Naturalization.

Edwin W. Sims, U. S. Atty., and David D. Caldwell, Asst. U. S. Atty.

LANDIS, District Judge. Samuel Spitzer, a subject of the King of Hungary, has applied to the court to be admitted to citizenship. It appears that he was born in Hungary in 1882; that he came to the United States in 1899, and has continued there to reside; that in 1900, when he was 18 years of age, he made a declaration of his intention to become a citizen. The point is urged by counsel for the government that this declaration was not authorized by the naturalization law in force when the declaration was made, and, therefore, that Spitzer may not now be lawfully admitted to citizenship.

In considering questions arising under these laws, it is to be borne in mind that no foreign born person, the child of alien parents, has a natural right of either sojourn, residence, or citizenship in the United States. The giving or withholding of either of these rights is an attribute of sovereignty. Under our system, the right of an alien to sojourn or reside in the territory of the United States may be granted by treaty, but it is for Congress alone, in the exercise of its sovereign power as conferred by the Constitution, "to establish an uniform rule of naturalization." Therefore an alien may be admitted to citizenship here only by compliance with those conditions prescribed by Congress in the exercise of this sovereign power. Anything relied upon by an applicant for admission to citizenship must have been done in accordance with congressional enactment, and, inasmuch as Spitzer's petition for admission is based upon his declaration of intention made when he was 18 years of age, the court is now called upon to determine what effect, if any, is to be given to such declaration made by a minor alien prior to the enactment of the present law in 1906.

There were two sections of the old law in force when this declaration was made, which appear to furnish an answer to this question. The first one of these sections is as follows:

"An alien may be admitted to become a citizen of the United States in the following manner and not otherwise:

"First. He shall declare on oath before a Circuit or District Court of the United States, or a District or Supreme Court of the territories, or a court of record of any of the states having common law jurisdiction, and a seal and clerk, two years, at least, prior to his admission, that it is bona fide his intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty of which the alien may be at the time a citizen or subject. * * *" Sec. 2165, Rev. St. [U. S. Comp. St. 1901, p. 1329].

It will be observed this section is general in its terms, and, in the absence of a congressional enactment excepting minor aliens from its operation, would authorize an alien to make a declaration of intention during his minority. However, in my opinion, section 2167 of the Revised Statutes [U. S. Comp. St. 1901, p. 1332], in force when Spitzer's declaration was made, contains such express exception. That section is as follows:

"Any alien, being under the age of twenty-one years, who has resided in the United States three years next preceding his arriving at that age, and who has continued to reside therein to the time he may make application to be admitted a citizen thereof, may, after he arrives at the age of twenty-one years, and after he has resided five years within the United States, including the three years of his minority, be admitted a citizen of the United States, without having made the declaration required in the first condition of section twenty-one hundred and sixty-five; but such alien shall make the declaration required therein at the time of his admission; and shall further declare, on oath, and prove to the satisfaction of the court, that, for two years next preceding, it has been his bona fide intention to become a citizen of the United States, and he shall in all other respects comply with the laws in regard to naturalization."

By the use of this language, Congress seems to have declared its will that no step, looking to the acquisition of citizenship in the United States, shall be taken by a person of alien birth prior to the attainment of his majority, on the theory that the abdication by an individual of allegiance to one sovereign and the undertaking of allegiance to another are acts of such grave solemnity that they should be performed only by persons of mature judgment. While this consideration appears not to have controlled the action of the Congress that enacted the present law, yet the Congress that adopted the sections now under consideration, and by which Spitzer's declaration of intention must be tested, was no less supreme in its control of the subject than was the Congress which enacted the law of 1906, which authorizes the declaration of intention to be made by a minor. Inasmuch as this authorization, however, had no retroactive effect, Spitzer's declaration made during his minority, while the old law was in force, must be held to have been without effect. His present application for admission to citizenship must therefore be denied.