## UNITED STATES v. GEORGE.

(Circuit Court of Appeals, Second Circuit. May 5, 1908.)

No. 254.

ALIENS—INTENTION OF CITIZENSHIP—MINORS—DECLARATION—COMPETENT AGE.

Under section 2165, Rev. St. (U. S. Comp. St. 1901, p. 1329), providing that aliens may be admitted to citizenship where a declaration of intention shall have been filed at least two years before admission, *held*, that such declaration might be made by a minor who had reached years of discretion, and that one made by an alien 19 years old was sufficient.

[Ed. Note.—Citizenship under state and federal laws, see note to City of Minneapolis v. Reum, 6 C. C. A. 37.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Hugh Govern, Jr., Sp. Asst. U. S. Atty.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. Henry George, the appellee, was born in England on or about August 14, 1873. He landed in the United States June 1, 1892, and on December 16th in the same year appeared in the Superior Court of the City of New York and declared his intention to become a citizen of the United States, under section 2165, Rev. St. (U. S. Comp. St. 1901, p. 1329). He was then over 19 years of age. On October 14, 1907, he duly filed his petition to be admitted as a citizen in accordance with subdivision 2 of section 4 of the naturalization act (Act June 29, 1906, c. 3592; 34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 421]), and submitted in support and as a part thereof a certified copy of the above-described declaration of intention. On January 28, 1908, his said petition came on for final hearing. The United States attorney objected to the granting thereof on the ground that, as his declaration of intention was made when he was under 21 years of age, it was null and void. The court overruled the objection, holding that a minor could make a valid declaration of inten-

tion after he had reached the age of 18 years, and admitted the appellee to citizenship.

The statutory provision in force when George made his declaration of intention is as follows:

"Sec. 2165 [Rev. St. U. S.]. An alien may be admitted to become a citizen of the United States in the following manner and not otherwise:

"First: He shall declare on oath before a * * * court of record of any of the states having common-law jurisdiction, and a seal and clerk, two years at least prior to his admission that it is bona fide his intention to become a citizen of the United States and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state or sovereignty and particularly by name to the prince, potentate, state or sovereignty of which the alien may be at the time a citizen or subject. * * *

"Third: It shall be made to appear to the satisfaction of the court admitting such alien that he has resided within the United States five years at least," etc.

"Sixth: * * * the declaration of intention * * * may be made by an alien before the clerk of any of the courts named * * * in said section."

This section, and the earlier acts of April 14, 1802, and May 26, 1824, contain no requirement as to the age to which an alien shall have attained before he is entitled to make his declaration of intention. In the absence of such requirement it would seem reasonable to hold that such declaration might be made during minority, provided the declarant had reached years of discretion.

It is contended, however, that this matter of the abdication by an individual of allegiance to one sovereign and the undertaking of allegiance to another is of such great importance and grave solemnity that decision thereon should be made only by persons who have attained full legal age. We do not find this argument persuasive, in view of the provisions of section 2167, which dispensed with the declaration of intention two years in advance of naturalization for those who arrived here under 18 years of age. That section required the petitioner to "declare on oath and prove to the satisfaction of the court that for two years next preceding, it has been his bona fide intention to become a citizen of the United States." Since application under this section could be made immediately after arriving at the age of 21, Congress evidently assumed that persons over 19 years of age were competent to form a bona fide intention to abdicate one allegiance and undertake another. It may be noted that this construction harmonizes with the present act (June 29, 1906), which provides (section 4) that declaration of intention may be made after the alien has reached the age of 18 years.

The judgment is affirmed.