In re SYMANOWSSKI.

(Circuit Court, N. D. Illinois, E. D.    March 29, 1909.)

1. ALIENS (§ 69*)—NATURALIZATION—RECORD.
   A naturalization record need not show jurisdiction, or that all the legal requisites have been complied with, nor contain the alien's previous declaration of intention to become a citizen, in order to import validity.
   [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 69.*]

2. ALIENS (§ 70*)—NATURALIZATION—PROCEEDINGS OF COURT.
   Courts, in exercising jurisdiction to admit aliens to citizenship, act judicially, and their proceedings must be liberally construed; every intendment being in their favor.
   [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 70.*]

3. ALIENS (§ 68*)—CITIZENSHIP—DECLARATION OF INTENTION—MINORS.
   Under Rev. St. § 2165 (U. S. Comp. St. 1901, p. 1329), providing that aliens may be admitted to citizenship where a declaration of intention shall have been filed at least two years before admission, such declaration may be made by a minor just before coming of age, and is ratified on his subsequent application for citizenship after arriving at majority.
   [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 68.*]

4. ALIENS (§ 68*)—CITIZENSHIP—DECLARATION OF INTENTION—STATUTES.
   Rev. St. § 2165 (U. S. Comp. St. 1901, p. 1329), providing that aliens may be admitted to citizenship where a declaration of intention shall have been filed at least two years before admission, does not require a renunciation of allegiance to the foreign sovereign, or the actual declaration of allegiance to the United States, at the time of the applicant's declaration of intention to become a citizen.
   [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 68.*]

Mr. Crutchfield, for the Attorney General.

SANBORN, District Judge. The petition was made October 26, 1908, and properly verified on the same day by two competent witnesses. It appears from the petition that the applicant was born in Russia March 10, 1885; that he immigrated May 15, 1901, and has resided in the United States since May 23, 1901, and in Illinois since May 25, 1901. The petition and verification were fully supported by the testimony on the hearing. The only question is whether the declaration of intention to become a citizen, made March 8, 1906, was not made one day too soon. The applicant, having been born March 10, 1885, became of full age March 9, 1906, so that his declaration, made March 8, 1906, was made one day before he reached his ma-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jority. Was a minor, pursuant to the law in force March 8, 1906, competent to make a declaration of intention to become a citizen of the United States?

Naturalization is now governed by the provisions of Act June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 95); and by section 4 of that act a minor may declare his intention to become a citizen after reaching the age of 18 years. Regulations for the execution of the act of June 29, 1906, made by the Secretary of Commerce and Labor, took effect, pursuant to section 28 of the act, September 27, 1906. The act itself took effect on that day. The case, therefore, is governed by the law in force prior to the act of 1906, which is embodied in sections 2165 and 2167, Rev. St. (U. S. Comp. St. 1901, pp. 1329, 1332). These sections are as follows:

"Sec. 2165. An alien may be admitted to become a citizen of the United States in the following manner and not otherwise: First. He shall declare on oath, before a Circuit or District Court of the United States, or a district or Supreme Court of the territories, or a court of record of any of the states having common-law jurisdiction, and a seal and clerk, two years, at least, prior to his admission, that it is bona fide his intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and, particularly, by name, to the prince, potentate, state, or sovereignty of which the alien may be at the time a citizen or subject. * * * "

"Sec. 2167. Any alien, being under the age of twenty-one years, who has resided in the United States three years next preceding his arriving at that age, and who has continued to reside therein to the time he may make application to be made a citizen thereof, may, after he arrives at the age of twenty-one years, and after he has resided five years within the United States, including the three years of his minority, be admitted a citizen of the United States, without having made the declaration required in the first condition of section twenty-one hundred and sixty-five; but such alien shall make the declaration required therein at the time of his admission; and shall further declare, on oath, and prove to the satisfaction of the court, that, for two years next preceding, it has been his bona fide intention to become a citizen of the United States; and he shall in all other respects comply with the laws in regard to naturalization."

It will be noticed that there is nothing in the language of section 2165 to indicate whether the declarant was required to be 21 years of age at the time of making declaration. But it is argued in opposition to the right of the petitioner to naturalization that, if minors were intended to be governed by section 2165, the enactment of section 2167 was entirely unnecessary, and that the latter section shows a purpose on the part of Congress to grant to minor aliens a privilege they would not have under section 2165. On the other hand, it is urged that section 2167 shows that Congress recognized the capacity of a minor to form an intention to become a citizen, and if he could form such an intention he certainly could declare it. This is the view taken by the Circuit Court of Appeals of the Second Circuit in United States v. George, 164 Fed. 45, the latest reported case on the subject.

In the case of In re Polsson (C. C.) 159 Fed. 283, an application for citizenship was granted where the declaration was made at the age of nineteen; it being held that section 2167 did not imply that an alien could in no instance make a declaration of intention during minority.

In re Spitzer (C. C.) 160 Fed. 137, takes the opposite view, upon the ground that no alien has a natural right to sojourn, reside, or become a citizen in the United States, and the giving or withholding of either of these rights is an attribute of sovereignty. An alien may be admitted to citizenship only by compliance with the conditions prescribed by Congress in the exercise of such sovereign power. Section 2167 was an implied declaration that no step looking to the acquisition of citizenship can be taken by a person before reaching majority, on the theory that the abdication by an individual of allegiance to one sovereign and the undertaking of allegiance to another are acts of such grave solemnity that they should be performed only by persons of mature judgment. While this consideration did not control the action of Congress in passing the act of 1906, yet the intention of previous legislation is clear, and Spitzer's declaration was therefore without effect.

Another case is that of Jonas Gross in the Eastern district of New York (160 Fed. 739), where it was held by Judge Chatfield that section 2167 recognizes the capacity of an infant to form an intention, and that a declaration made by an infant may be ratified by him by applying for naturalization after becoming of full age.

It will be seen that in all of the cases, except that of Spitzer, which was a case in this district, the validity of a minor's declaration is upheld. Such declarations are also recognized as valid by all the state courts sitting in Chicago. The different results reached by the courts in the cases cited seem to result from different points of view. If a liberal construction is applied, as in the Gross, George and Polsson Cases, the minor's declaration is upheld, at least to the extent that he may ratify it, and thus make it retroactively good. If a strict construction, on the other hand, is applied, as in the Spitzer Case, it is held void.

There is no doubt great force in the argument that the abdication of allegiance to one sovereign and the undertaking of allegiance to another are acts of grave import and solemnity. But the force of this consideration is somewhat weakened by the language of section 2167, allowing applicants to declare on oath that for two years preceding it was their bona fide intention to become citizens; and such two years might be, under that section, from 19 to 21. This is pointed out by Judge Lacombe in the George Case. It may also be said that, conceding the grave nature of the act, yet it is one which, being beneficial to the applicant, may be ratified by him after reaching his majority. This is held by Judge Chatfield in the Gross Case. And it may be added that our naturalization laws have always been construed, both by the State Department and the courts, with the utmost liberality. While a declaration of intention to become a citizen by an adult alien does not make him a citizen (Wallenburg v. Missouri Pac. Ry. [C. C.] 159 Fed. 217), yet the making of such a declaration does work an important change of status by an adult alien who has gained a domicile in this country. This question was very fully considered by the State Department in the case of Michael Koszta. The interesting correspondence in relation to this case is found in Wharton's International Law Dig. vol. 2, page 358 et seq.

"It is a familiar rule that, on the construction of grants of franchises, that construction is adopted which is most favorable to the persons for whose benefit the franchise is to be granted." Letter of Mr. Bayard, Secretary of State, 2 Whart. Int. Law Dig. p. 342, § 173.

In the same letter he assumes that a minor is incapable of making a declaration of citizenship. The liberal rule of judicial interpretation above referred to is said to be in harmony with our system of government, and to have been uniformly respected and followed by the executive branch of the government. Letter of Mr. Fish, Secretary of State, 2 Whart. Int. Law Dig. p. 345.

A naturalization record need not show jurisdiction, or that all the legal requisites have been complied with, in order to import validity. A record need not show the requisite previous declaration of intention to become a citizen. The judgment of admission is conclusive. Stark v. Chesapeake Ins. Co., 7 Cranch, 420, 3 L. Ed. 391. Naturalization proceedings are liberally construed, every intendment being in their favor. Priest v. Cummings, 16 Wend. (N. Y.) 625. Courts admitting to citizenship act judicially. In re Bodek (C. C.) 63 Fed. 814.

The liberal rule applicable to naturalized citizens is illustrated in Manuel v. Wulff, 152 U. S. 505, 14 Sup. Ct. 651, 38 L. Ed. 532. The mining laws of the United States apply only to citizens. But where a citizen located a mining claim, and conveyed a third interest therein to an alien, Manuel, this was held by the state court to constitute an abandonment of the claim. In a contest involving the right to a patent, the court held that Manuel was an alien. He applied for naturalization and was at once admitted to citizenship. This was held by the Supreme Court, on a writ of error to the state court, to retroactively remove Manuel's disability, citing Governeur v. Robertson, 11 Wheat. 332, 6 L. Ed. 488, and Osterman v. Baldwin, 6 Wall. 116, 18 L. Ed. 730, to the effect that naturalization has a retroactive effect in cases of land entries.

There is nothing in section 2165 which requires a renunciation of allegiance to the foreign sovereign, or the actual declaration of allegiance to this government. All that is necessary is a declaration on oath that it is the present intention of the declarant to become a citizen, and his present intention to renounce allegiance to his foreign sovereign at some future time. In other words, the minor making the declaration simply states his present intent to do something which he cannot then accomplish. The declaration in no way changes his status, nor the status of a declarant of full age, unless domiciled here. If the minor may form the intent, why may he not declare it? Concede that he is not yet competent to abdicate his allegiance to one sovereign and undertake allegiance to another; what prevents him from both intending to do these things and giving expression to such intent?

It seems quite clear to me, on the whole, that the applicant in this case should be admitted to citizenship. His declaration was made only a few hours before he reached his majority. By applying for citizenship based upon such declaration, he ratified such declaration, and I think such ratification should be given effect.