## In re KENNEDY.

(Fourth Division. Fairbanks. February 7, 1910.)

### No. 64, Naturalization.

ALIENS (§ 62*)—NATURALIZATION—MINORS.

> The petitioner was born in Ireland May 14, 1878. He arrived in the United States in June, 1898, and in April, 1899, declared his intention to become a citizen of Sacramento, Cal.; that being a little less than a month before his twenty-first birthday. On application for his citizenship papers on February 5, 1910, it was objected that, his declaration of intention being made before majority, he was not entitled to his final papers. *Held*, that a minor over 19 years of age may declare his intention to become a citizen.

> [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 123–125; Dec. Dig. § 62.*]

Petition for citizenship under declaration made prior to Act June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 528).

Morgan Francis Kennedy, the petitioner, was born in Ireland on the 14th day of May, 1878. He arrived in the United States in June, 1898, and in April, 1899, declared his intention to become a citizen at Sacramento, Cal.; that being a little less than one month before his twenty-first birthday. Kennedy appeared before the court on February 5, 1910, and passed a creditable examination for citizenship, and the necessary proofs of residence, and other qualifications were made. The district attorney, by direction of the Bureau of Naturalization, opposed the admission of the applicant on the ground that his declaration was made during minority, and urged that under sections 2165, 2167, Rev. St. (U. S. Comp. St. 1901, pp. 1329, 1332), a minor is not competent to initiate citizenship, and cited in support of that view In re Spitzer (C. C.) 160 Fed. 137.

Morgan Francis Kennedy, in pro. per.

James J. Crossley, Dist. Atty., of Fairbanks, opposed.

---

LYONS, District Judge. With regard to the competency of a minor to declare his intention to become a citizen of the United States under sections 2165, 2167, Rev. St., I am of the opinion that the act of June 29, 1906, is merely declaratory of the intention of Congress as embodied in the statutes existing prior to the latter act. I think that Judge Landis stands practically alone in his decision in the Spitzer Case (C. C.) 160 Fed. 137, and that the later authorities are practically all the other way upon that proposition.

The petitioner in this instance has shown himself to be in all respects qualified and a desirable person as a citizen. The government has expressed itself as highly satisfied with him, except upon the one point of minority at the time he made his declaration.

In the Matter of the Petition of Jonas Gross, 160 Fed. 739, wherein the status of the applicant was very similar to the case at bar, Judge Chatfield, speaking for the District Court for the Eastern District of New York, says:

"Inasmuch as the new law provides for all cases in the future, and inasmuch as in this district and in the neighboring Southern District the rule has been that a declaration by a minor is sufficient, it is believed that the previous interpretations of the intent of Congress should be followed, and in the present case the applicant allowed to have his papers. It might well have been held from the analogy of the language of section 2167 that Congress intended under the former law to cover by that section all cases of minors under the age of 18, leaving to any person over that age, when arriving in this country, the necessity of filing his declaration of intention; and under the former law no hardship would have been involved by requiring a person to be at least of the age of 18 years before filing such intention."

To the same effect see In re Poisson (C. C.) 159 Fed. 283.

The identical question was before the Circuit Court of Appeals for the Second Circuit in the matter of United States v. George, 164 Fed. 45, 90 C. C. A. 463, and Judge Lacombe, speaking for the court, held as follows:

"It is contended, however, that this matter of the abdication by an individual of allegiance to one sovereign and the undertaking of allegiance to another is of such great importance and grave solemnity that decision thereon should be made only by persons who have attained full legal age. We do not find this argument persuasive, in.

view of the provisions of section 2167, which dispensed with the declaration two years in advance of naturalization for those who arrived here under 18 years of age. That section required the petitioner to 'declare on oath and prove to the satisfaction of the court that for two years next preceding it has been his bona fide intention to become a citizen of the United States.' Since application under this section could be made immediately after arriving at the age of 21, Congress evidently assumed that persons over 19 years of age were competent to form a bona fide intention to abdicate one allegiance and undertake another."

In Re Symanowsski (C. C.) 168 Fed. 978, Judge Sanborn discusses the matter at length, and among other cases referred to in that opinion are those above cited. His conclusion is:

"There is nothing in section 2165 which requires a renunciation of allegiance to the foreign sovereign, or the actual declaration of allegiance to this government. All that is necessary is a declaration on oath that it is the present intention of the declarant to become a citizen and his present intention to renounce allegiance to his foreign sovereign at some future time. In other words, the minor making the declaration simply states his present intent to do something which he cannot then accomplish. The declaration in no way changes his status, nor the status of a declarant of full age, unless domiciled here. If the minor may form the intent, why may he not declare it? Concede that he is not yet competent to abdicate his allegiance to one sovereign and undertake allegiance to another, what prevents him from both intending to do these things and giving expression to such intent? It seems quite clear to me, on the whole, that the applicant in this case should be admitted to citizenship. His declaration was made only a few hours before he reached his majority. By applying for citizenship based upon such declaration, he ratified such declaration, and I think such ratification should be given effect."

The reasoning of the Circuit Court in the Symanowsski Case is apropos here, and I am of the opinion that Mr. Kennedy is entitled to his papers.

It is so ordered.