## In re GODLOVER.

(Circuit Court, N. D. California. September 20, 1910.)

ALIENS (§ 68*)—NATURALIZATION—RESIDENCE—PROOF.

Naturalization Act June 29, 1906, c. 3592, § 4, subd. 2, 34 Stat. 597 (U. S. Comp. St. Supp. 1909, p. 478), declares that the petition shall be verified by at least two credible witnesses who are citizens of the United States, and who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for at least five years continuously, and of the district in which the application is made for at least one year preceding the filing of the petition. *Held* that, while the verification must show that petitioner has resided continuously in the country for at least five years, such showing need not be made by the same witnesses for the entire period, and that so long as there are at least two credible witnesses testifying as to each fraction of the period, so as to cover the whole, the statutory requirement is satisfied.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 68.*]

In the matter of the petition of Hugh Bliss Godlover, to be admitted a citizen of the United States. On objection to the petition. Overruled.

Carlos G. White, for petitioner.
P. W. Blazer, Naturalization Examiner, for the government.

VAN FLEET, District Judge. This is a petition for naturalization under Act June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1909, p. 477). Full and satisfactory proof was made at the hearing that the petitioner was possessed of the necessary good character, intelligence, and general fitness required under the act to entitle him to admission, and that he had resided continuously in the state for more than the statutory period of five years immediately preceding his petition. But objection was made by the government to the sufficiency of the petition upon which the application is based upon the ground that the same is not verified in the manner required by the statute; and for that reason it is contended that the court is without jurisdiction to grant the application.

The petition was filed March 4, 1910, and was verified by the affidavits of five witnesses. The affidavit of two of the witnesses, Meyer and Schulz, is to the effect that each has personally known the petitioner "to be a resident of the United States for a period of at least five years continuously immediately preceding the date of filing his petition, and of the state of California, and of the Northern district thereof, for a period of over five years immediately preceding the date of filing his petition, and that he has personal knowledge that the said petitioner is a person of good moral character attached to the principles of the Constitution of the United States, and that he is in every way qualified in his opinion to be admitted as a citizen of the United States, provided, however, that said affiant, Meyer, has no recollection of having personally seen said petitioner subsequent to May or June, 1905, until about May, 1906, nor thereafter until about May, 1909, and said affiant Schulz has no recollection of having personally seen said petitioner subsequent to July, 1905, until about May, 1909, but each of said affiants knows through business and personal relationships and dealings, through communications, and from private and public sources of information, that said petitioner has resided continuously in California since at least December, 1904, down to and including the present time, first, at San Francisco, and thereafter as a student, both independently and in the University of California, at Berkeley, and that during all of said time petitioner has behaved as a man of good moral character attached to the principles of the said Constitution."

This affidavit is supplemented by that of three other witnesses to the effect that they have each known the petitioner to be a resident of the United States and of the state of California for a period of four years and ten months "immediately preceding the date of filing his petition, and that he has personal knowledge that the said petitioner is a person of good moral character attached to the principles of the Constitution of the United States, and that he is in every way qualified in his opinion to be admitted a citizen of the United States." The act provides (section 4, subd. 2) that the petition shall be verified "by the affidavits of at least two credible witnesses who are citizens of the United States, and who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously, and of the state, territory, or district in which the application is made for a period of at least one year immediately preceding the date of the filing of his petition; and that they each have personal knowledge that the petitioner

is a person of good moral character, and that he is in every way quali-
fied in their opinion to be admitted as a citizen of the United States."

It is the contention of the government that the proper construction of
this provision requires that each of the verifying witnesses in his state-
ment of his personal knowledge of the residence, character, and fitness
of the petitioner shall cover the full statutory period of five years, that
the verification cannot be made piecemeal by two witnesses making
affidavit as to one portion of the period and other witnesses to another,
thus making up the whole; and it is claimed that the verification in
this instance does not conform to this requirement, and is therefore
insufficient.

I find myself unable to sanction any such narrow construction of the
act. As contended by the petitioner, well-established principles of
statutory construction require that a statute be construed with refer-
ence to its spirit and reason, and in such construction it is to be pre-
sumed that the legislative body was consistent in its purpose through-
out, and did not intend to work injustice or hardship in any of its pro-
visions. The very obvious purpose of the act under consideration is
to permit every alien, eligible under the law, of good moral character
and sufficient intelligence, who has made his declaration of intention,
to become a citizen of the United States so soon as he has resided here
the prescribed period, and any construction of the statute which would
nullify that purpose should be avoided unless the clear terms of the
act require otherwise. It will be observed that the provision of the
act quoted does not require in terms that each witness shall state in
his affidavit knowledge of the residence for the full period, but simply
that there shall be two or more witnesses "who shall state in their
affidavits," etc. To sustain the contention of the government, it would
be literally necessary to insert in the language of section 4 above quoted
the word "each" between the words "shall" and "state"—a word which
Congress has seen fit to omit from that part of the paragraph, but has
inserted later in the same sentence in requiring that "each have per-
sonal knowledge" of the petitioner's moral character and general qual-
ifications.

And, as further suggested, if the construction contended for were
necessary, it would be impossible for one (as the evidence shows was
the case with petitioner) to be admitted to citizenship after living for
two years of the period in one part of the state and the remaining
three years in a different part of the same state, where it should hap-
pen, as here, that no two of them had personally known him continu-
ously in both places of his residence. Such construction would seem
to be out of harmony with the liberal spirit of other features of the
act, especially section 10, which by its express terms provides the
means of facilitating the naturalization of those who have removed
from one state to another by authorizing the verification of the peti-
tion by two witnesses covering the period of the alien's residence in
the state in which the petition is filed, and then establishing by the dep-
ositions of other witnesses the portion of the statutory period of resi-
dence elsewhere in the United States.

I think it may fairly be presumed from the general tenor and pur-
pose of the act that Congress by providing in section 4 for a verifica-

tion by "at least two credible witnesses" had in view instances like that of the petitioner, where, by reason of his removal from one part of the state to another before the completion of his period of residence, he is unable, although residing continuously for the full period of five years in the same state, to make the necessary verification and proof by two witnesses who had known him personally throughout the full period. Such construction would avoid the injustice that must otherwise result to one so situated if the view contended for by the government were to obtain. In the absence of some obvious reason, the idèa is not to be readily indulged that Congress intended to make a distinction so clearly to the disadvantage under the law of one situated like the petitioner in favor of one whose residence for the necessary period has been in different states. It may be conceded that the language of section 4 above quoted is not as free from ambiguity as could be desired; but, as stated in Re Polsson (C. C.) 159 Fed. 283, in construing the act to which the present act is amendatory:

"It must be borne in mind that we are dealing with a statute which grants a right or privilege in the nature of a franchise, and it is a familiar rule that in construing such a grant, where an ambiguity arises, that construction is to be indulged which is most favorable to the persons or class for whose benefit the act was made."

From these considerations my construction of the statute is that, while it is intended that the verification must show that the petitioner has resided continuously in the country for at least five years, such showing need not be made by the same witnesses as to the entire period; that, so long as there are at least two credible witnesses testifying as to each fraction of such period so as to cover the whole, the requirement of the statute is satisfied.

It may not be out of place to observe that I have considered the question as to the sufficiency òf the verification involved solely upon the theory upon which the same has been argued and presented; that is, as a piecemeal verification or one which required the affidavit of the witnesses Meyer and Schulz to be supplemented by those of the other witnesses to bring it within the law. If it were necessary, however, to decide the question, I am not prepared as a matter of first impression to say that the affidavit of the first two witnesses is not in itself sufficient to satisfy the statute. A reading of it will disclose that in its affirmative statements that affidavit contains all that the statute calls for in a verification of the kind; and the only question arises out of the qualifying statements as to periods during which those witnesses have not personally seen the petitioner. It seems to have been assumed by counsel on both sides that these statements detracted from the sufficiency of the affidavit and rendered necessary the supplementing affidavits of the other witnesses. I am inclined to regard this view as erroneous; but, as the question has not been argued and its determination, in view of the conclusion reached on the question discussed, unnecessary, it need not here be further considered.

Let an order be entered admitting the petitioner to citizenship.