## In re SHAPIRO.

(Circuit Court, D. Oregon. April 17, 1911.)

ALIENS (§ 63*)—NATURALIZATION—DECLARATION OF INTENTION—MINORS.

Rev. St. § 2165 (U. S. Comp. St. 1901. p. 1329), prior to the adoption of Naturalization Act June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1909, p. 477), provided that any alien might be admitted to become a citizen by first declaring on oath before certain courts, at least two years prior to his admission, that it was his bona fide intention to become a citizen and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly by name to the prince, potentate, state, or sovereignty of which the alien may be at the time a citizen or subject. *Held* that, under such section, a minor who had reached years of discretion was authorized to make a declaration of intention.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 126; Dec. Dig. § 63.*]

Application of George Shapiro for naturalization. Granted.

David N. Mossessohn, for applicant.
Walter H. Evans, Asst. U. S. Atty.

BEAN, District Judge. George Shapiro, an alien, has applied to be admitted to citizenship. He was born November 4, 1885, emigrated to the United States in December, 1904, and made his declaration of intention on January 16, 1905. At that time he was but 19 years, 2 months, and 12 days old, and the point is made that the declaration was not authorized by the naturalization law then in force, and therefore Shapiro may not now be lawfully admitted to citizenship.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

The declaration of intention was made under section 2165, Rev. St. (U. S. Comp. St. 1901, p. 1329) the law in force prior to Naturalization Act June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1909, p. 477). There is nothing in it to indicate that the declarant must be of any particular age at the time of making his declaration, and the question whether a minor could lawfully make such declaration has been a frequent subject of discussion in the courts. It was assumed, rather than declared, by this court, soon after the act of 1906 became effective, that he could not; but all subsequent decisions of which I am aware, except that of Judge Landis, in Re Spitzer (C. C.) 160 Fed. 137, are that a minor who has reached years of discretion could make the necessary declaration required by section 2165, and that such declaration is a sufficient basis for a final adjudication under the provisions of the act of 1906. It was so held by the Court of Appeals of the Second Circuit in U. S. v. George, 164 Fed. 45, 90 C. C. A. 463; by Judge Van Fleet, in Re Polsson (C. C.) 159 Fed. 283; by Judge Sanborn, in Re Symanowsski (C. C.) 168 Fed. 978; and by Judge Chatfield, in Re Gross (D. C.) 160 Fed. 739.

The applicant's declaration of intention is therefore sufficient, and the evidence as to residence, character, and fitness being in all respects free from exception, and sufficient to satisfy the law as to his general qualifications, his petition should be granted; and it is so ordered.