## UNITED STATES v. HODGMAN.

### (District Court, D. Montana. March 27, 1915.)

### No. 3.

ALIENS ☜71½, New, vol. 7 Key-No Series—NATURALIZATION—CANCELLA-
TION OF CERTIFICATE—GROUNDS.

    Where a native-born citizen, after executing oaths of allegiance to the British sovereign to qualify himself to secure title to Canadian lands, determined to abandon his British allegiance and declared his intention of becoming a citizen of the United States, and though the Canadian certificate of naturalization was not issued until after the declaration of intention, it did not appear that this delay was not mere routine, and that the certificate did not take effect by relation as of the date of the oaths of allegiance, the certificate of citizenship granted upon the declaration of intention was not subject to cancellation under Naturalization Act June 29, 1906, c. 3592, § 15, 34 Stat. 601 (Comp. St. 1913, § 4374), requiring district attorneys to institute proceedings to cancel certificates of citizenship on the ground of fraud, or on the ground that they were illegally procured, as, even though the declaration was prematurely made before the applicant had become a British subject, it became valid when the reason for invalidity was removed, and, moreover, the declaration of intention was merged, and its regularity would not be inquired into after the certificate of citizenship was granted.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 146; Dec. Dig.
☜71½.]

Suit by the United States against Amizon Jackson Hodgman to cancel a certificate of citizenship. Suit dismissed.

B. K. Wheeler, U. S. Atty., of Butte, Mont.

Norris, Hurd & Lewis, of Great Falls, Mont., for defendant.

BOURQUIN, District Judge. Suit to cancel defendant's certificate of citizenship, for that after declaration of intention, and before admission, he was naturalized a British subject.

It appears that defendant was born a citizen of the United States, and about a month before making the declaration involved he executed oaths of allegiance to the British sovereign to qualify himself to secure title to Canadian lands. He was advised and believed he thereupon became a British subject. Shortly thereafter he determined to abandon British allegiance, return to the United States, and seek repatriation. He did return, and thereupon made the declaration involved. About two weeks after such declaration a Canadian court issued a certificate of naturalization upon the said oaths of allegiance made by defendant about four weeks before such declaration. The reason for the delay does not appear. The British law was not proved, but from a public document of the United States was read at argument what purports to be so much of said law as provides that the oaths of allegiance shall be presented to authorities to be prescribed by regulations, who shall proceed as by said regulations prescribed. Certified copies of said oaths were introduced in evidence, and said reading was by plaintiff. From said declaration defendant has resided within and maintained his intention to become a citizen of the United

States, and was admitted to citizenship about six years subsequent to his declaration. In this, nothing is perceived warranting the relief sought.

For many purposes naturalization has a limited retroactive effect. Osterman v. Baldwin, 6 Wall. 122, 18 L. Ed. 730; Manuel v. Wulff, 152 U. S. 511, 14 Sup. Ct. 651, 38 L. Ed. 532. And for all that appears, the defendant having done all required of him by British law when he executed the oaths of allegiance (one of which, doubtless of official form, makes the defendant refer to the United States "of which country I *was* a subject"), the delay in issuance of the British certificate may have been mere routine, and the certificate took effect by relation as of the date of said oaths. The consequence would be that defendant was not an American citizen, but was a British subject, when he made the declaration involved, and the subsequent issuance of the British certificate in no wise affected the American declaration. Furthermore, while the methods of naturalization prescribed by Congress must be followed, all deviations are not fatal.

The declaration is of contemplated future acts. It is a record notice and witness, when admission is sought, that the petitioner has entertained intent thereto for at least the prescribed statutory period. In some instances, as the law was at the time of the declaration involved, no declaration was required by the statute. If untimely made, maintenance of the intent and petition for admission—performance of the contemplated future acts—cures the irregularity and ratifies the declaration. It has been so held in case of a minor (In re Symanowski [C. C.] 168 Fed. 980), and the instant case is the same in principle. The declaration is like unto declarations of intent to purchase public lands. If invalid when made, in that they are made by aliens, minors, or for lands not yet open to them, yet, if maintained until after the reason of invalidity is removed, they become valid, and the purchase can be made. Still further, after admission to citizenship, the declaration has served its purpose, is merged, and no inquiry will be made into its regularity, if admission is otherwise valid. No beneficial purpose would be served by annulling admission under such circumstances.

Herein defendant's admission to citizenship was neither illegal nor fraudulent, within section 15 of the Naturalization Act, and this suit is dismissed.