## UNITED STATES v. STREULI.

(Circuit Court of Appeals, Eighth Circuit. December 3, 1924.)

No. 6720.

Aliens ⬤➡68—Same witnesses need not verify as to all of five years' required residence.

Naturalization Act June 29, 1906, § 4, subd. 2 (Comp. St. § 4352), requiring petition to be verified by at least two credible witnesses, *held* not to require that continuous residence for five years be shown by same witnesses for entire period, but petition is sufficient if two credible witnesses testify as to each portion of time covering whole statutory period.

Appeal from the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Suit by the United States against Julius Streuli to cancel certificate of naturalization. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Charles M. Morris, U. S. Atty., of Salt Lake City, Utah (Edward M. Morrissey, of Salt Lake City, Utah, on the brief), for the United States.

Before LEWIS, Circuit Judge, and MUNGER and MILLER, District Judges.

LEWIS, Circuit Judge. This is a suit to cancel a certificate of naturalization issued to appellee on September 29, 1922, by the district court for Salt Lake County, Utah. On final hearing the bill was dismissed, and this is an appeal from that decree. No point is made that the State court erred in issuing the certificate on the facts adduced at the hearing as to the applicant's qualifications for admission, and the truthfulness of those facts is not challenged. The grounds stated for cancellation are two, and both of them attack the procedure. They will be stated presently. Streuli's petition, filed January 11, 1922, on which he applied for certificate of admission, recites that he was a citizen of the Swiss Confederation, that he arrived in the United States from Switzerland May 4, 1916, that he declared his intention to become a citizen of the United States on May 16, 1919, in the State district court of Salt Lake County, Utah, that he, his wife and children reside there and that he had resided continuously in the United States for the term of five years at least immediately preceding January 11, 1922, to-wit, since May 14, 1916, and that he had resided continuously in the State of Utah since March 19, 1919. It contained the other required statements of fact. It was verified by four persons; two of them averred that Streuli had resided in Utah continuously from June, 1916, to May, 1917, and the other two that he had resided there continuously since May, 1917, except from March, 1918, to March, 1919. During the year last named Streuli resided in Idaho, and that fact was established at the hearing by depositions of two witnesses, pursuant to section 10 of the Act (Act June 29, 1906 [Comp. St. § 4369]). But residence in Utah was established by four witnesses, two for each period stated in the supporting affidavits. The errors assigned are: (1) Streuli's petition was fatally bad because only two witnesses could verify it as to the time he had resided in Utah, and that time could not be split into two periods and the petition verified as to each period by two different witnesses; and (2) when it came to the proof at the hearing it was not permissible to establish Streuli's residence in Utah by four witnesses, as was done, two

justify

for each period, but that the entire time of his residence there could be established only by two witnesses.

It is readily conceivable that a petitioner's residence in different parts of the same State, although for the full five years, would render compliance with the proposed requirement impossible, but that does not answer the objection if appellant's contention is found to be a requirement of the law on which the favor sought would be granted; for the Act says (section 4): "That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise." The question is, What is the procedure set up in the Act? The points made are not literally covered and no authority has been cited construing the statute in the way contended for. To so construe it would give to it, in our judgment, a strained and impracticable interpretation and impose a restriction on the scope and purpose of the terms used. The Naturalization Act, § 4, subd. 2 (U. S. Comp. Stat. § 4352) says:

"The petition shall also be verified by the affidavits of at least two credible witnesses, who are citizens of the United States, and who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously, and of the state * * * in which the application is made for a period of at least one year immediately preceding the date of the filing of his petition, and that they each have personal knowledge that the petitioner is a person of good moral character, and that he is in every way qualified, in their opinion, to be admitted as a citizen of the United States."

All of the required facts were verified by four witnesses, two speaking as to a part of the time and the other two as to the remainder, his residence of one year within the State being covered by only two of them. There is no restriction of the verifying witnesses to two, only that there shall be at least two. Impliedly there may be more. For substantial purposes there can be no sound reason for a contrary view. The two additional gave further proof of the applicant's good moral character. The claim is purely one of form, and the form contended for is not required. The Act (section 27 [Comp. St. § 4382]) prescribes the forms, both of the petition of the applicant and the supporting affidavits of the witnesses, but in doing so it says: "That substantially the following forms shall be used in the pro-

ceedings to which they relate." When it comes to proof at the hearing, subdivision 4 of section 4 uses the same terms. It says that the applicant's residence shall be made to appear to the satisfaction of the court by "the testimony of at least two witnesses." We take the purpose of the statute, both on verification and proof, to be only a prohibition of establishing a part of the residence period by one witness and a part by another, that every part of his required five years' residence must be established by at least two witnesses, and that there are no restrictions in the respects here contended for. On the subject of proof at the hearing an analogous procedure to that here followed is expressly authorized by section 10 of the Act when a part of the residence period has been in a State other than that in which the petition is filed. In re Godlover (C. C.) 181 F. 731, was relied on by the District Judge in the order of dismissal. The court in that case had under consideration the same questions that are presented here, and the ruling was against appellant's contention.

Affirmed.