## TUTUN v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. May 29, 1926.)

No. 1795.

1. Aliens ⬤⇒68(5)—Alien, having complied with uniform rule of naturalization, is entitled to admission, and if this is denied, proceedings on petition are subject to review.

Alien, having complied with uniform rule of naturalization, which Constitution requires Congress to enact, is entitled to admission as matter of right, and, if this is denied, proceedings on his petition are subject to review.

2. Aliens ⬤⇒68(1).

Congress having laid down rules governing admission of aliens to citizenship, it is not within power of court, in exercise of discretion, to add to them.

3. Aliens ⬤⇒68(1)—Although wide discretion is lodged in hearing naturalization petition, discretion cannot be exercised in manner which adds to requirements of law, which must be construed liberally in favor of petitioner (Naturalization Act June 29, 1906, § 4, subd. 4 [Comp. St. § 4352]).

Although wide discretion is lodged in judge hearing petition for naturalization, discretion cannot be exercised arbitrarily, or in manner which adds to requirements of Naturalization Act June 29, 1906, § 4, subd. 4 (Comp. St. § 4352), which must be construed liberally in favor of petitioner.

4. Aliens ⬤⇒62—Denial of citizenship on ground that claim of exemption in questionnaire under Selective Service Act conclusively proved alien was not attached to principles of Constitution held unwarranted (Selective Draft Act [40 Stat. 76]; Naturalization Act June 29, 1906, § 4, subd. 4 [Comp. St. § 4352]; Act July 9, 1918, subc. 12, § 4 [Comp. St. Ann. Supp. 1919, § 2044b]).

Denial of citizenship on ground that claim of exemption as alien in questionnaire under Selective Service Act, prior to declaration of intention, conclusively proved petitioner was not attached to principles of Constitution, held unwarranted, under Naturalization Act June 29, 1906, § 4, subd. 4 (Comp. St. § 4352), in view of Act July 9, 1918, subc. 12, § 4 (Comp. St. Ann. Supp. 1919, § 2044b), barring declarant aliens withdrawing declaration of intention to avoid military service.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Application for naturalization by Jacob Joseph Tutun, opposed by the United States. From a decree denying the petition, petitioner appeals. Reversed and remanded.

William H. Lewis, of Boston, Mass. (Inez C. Fields, of Hampton, Va., on the brief), for appellant.

George R. Farnum, of Boston, Mass. (Harold P. Williams, of Boston, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from the District Court of the United States for the District of Massachusetts, denying a certificate of naturalization to the petitioner on May 26, 1924, on the ground that, in the questionnaire submitted to him in September, 1918, under the Selective Service

Act, he claimed exemption because of alienage.

He was born in Russia, and in 1904, at the age of nine years, came to this country with his parents. His admission to citizenship was denied solely upon the ground that his claim of exemption as an alien conclusively proved that he was not "attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same."

[1] The Constitution has conferred upon Congress the duty of enacting a uniform rule of naturalization, and when an alien has complied with this uniform rule he is entitled to be admitted to citizenship as a matter of right, and if this is denied him the proceedings upon his petition are subject to review. Tutun v. United States (opinion of the Supreme Court April 12, 1926) 46 S. Ct. 425, 70 L. Ed. ——.

The Naturalization Act of June 29, 1906, c. 3592, § 4, subd. 4, 34 Stat. at Large, 596 (Comp. St. § 4352), is as follows:

"It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States five years at least, and within the state or territory where such court is at the time held one year at least, and that during that time he has behaved as a man of good moral character, attached to the principles at the Constitution of the United States, and well disposed to the good order and happiness of the same. In addition to the oath of the applicant, the testimony of at least two witnesses, citizens of the United States, as to the facts of residence, moral character, and attachment to the principles of the Constitution shall be required, and the name, place of residence, and occupation of each witness shall be set forth in the record."

All questions as to age, residence, moral character, attachment to the Constitution, and the disposition of the petitioner toward the same have been favorably passed upon in all respects save one, and that is that his claim of exemption was of such conclusive evidence that he was not attached to the Constitution, nor well disposed toward the same, that, in the judicial discretion lodged in the court, his petition must be denied.

[2] Congress having laid down the rules governing the admission of aliens to citizenship, it is not within the power of the court, in the exercise of an arbitrary discretion, to add to them.

The petitioner offered the evidence of two witnesses as to residence, moral character, and "attachment to the principles of the Constitution"; but the court refused to hear any evidence in regard to the petitioner's attachment to the Constitution, holding that his claim of exemption from military service was conclusive proof that he was not attached to the principles of the Constitution.

The Selective Service Act, as first enacted, provided for the drafting of declarant aliens into the military service of the United States; but by an act approved July 9, 1918, 40 Stat. at Large, 885 (Comp. St. Ann. Supp. 1919, § 2044b), Congress provided that any citizen or subject of a neutral country, who has declared his intention to become a citizen, should be relieved from liability to military service upon his making a declaration withdrawing such intention, which should operate and be held to cancel his declaration, and he should then forever be debarred from becoming a citizen of the United States.

Several bills were introduced in Congress making the provisions in regard to declarant aliens applicable to nondeclarant; but none of these were passed. Congress then, having its attention called to nondeclarant aliens, refused to raise against them the bar to citizenship which it had raised in regard to declarant aliens.

The only reasonable inference that can be drawn from this failure of Congress to create the same bar in relation to nondeclarant aliens as it had in regard to declarant aliens is that it did not intend it to apply to the former.

While our attention has been called to decisions in several District Courts which have held that the claim of exemption is such a bar, and to others in which the contrary has been held, only one decision of a Circuit Court of Appeals has been cited: United States v. Siem (C. C. A.) 299 F. 582. In that case an alien, a native of Norway, had declared his intention to become a citizen and claimed exemption from the Selective Draft Law of May 18, 1917 (40 Stat. 76), on the ground of alienage. He was admitted to citizenship, and under section 15 of the Naturalization Act (Comp. St. § 4374), the United States petitioned for cancellation of the certificate on the ground that the applicant for naturalization had claimed exemption from military service; but the court held that the mere fact that he had claimed this exemption was insufficient as a matter of law to require the cancellation of his certificate, which had been regularly granted upon a hearing as to his

qualifications under the Naturalization Law. [3] While a wide discretion is lodged in the judge who hears a petition for naturalization, this discretion cannot be exercised arbitrarily or in a manner which adds to the requirements contained in the act, which must be liberally construed in favor of the petitioner. See In re Bodek (C. C.) 63 F. 813; Manuel v. Wulff, 152 U. S. 505, 14 S. Ct. 651, 38 L. Ed. 532; In re Syman Owsski (C. C.) 168 F. 978.

[4] We think the denial of citizenship to the petitioner on the sole ground that he had claimed exemption from military service was unwarranted by law.

The decree of the District Court is reversed, and the case is remanded to that court for further action not inconsistent with this opinion.