11 U.S. 420
 7 Cranch 420
 3 L.Ed. 391
 STARK
v.
THE CHESAPEAKE INSURANCE COMPANY.
 March 8, 1813
 
 Absent. WASHINGTON, J. TODD, J. & DUVALL, J.
 
 
 1
 ERROR to the Circuit Court for the district of Maryland, in an action of covenant upon a policy of assurance, in which the goods insured were warranted to be American property, 'proof of which to be required in 'the United States only.' A loss by capture having taken place, the Plaintiff offered an abandonment which was refused, wherefore he brought this action:
 
 
 2
 To prove his citizenship and support the warranty, he produced and read at the trial an exemplification duly authenticated, of the record of his naturalization, in the words following, viz:
 
 
 3
 At a Court of common pleas held at York, for the county of York, on the third Monday of May, in the year of our Lord one thousand eight hundred and four, before John Joseph Henry, esquire, president and his associate judges, &c. assigned, &c.
 
 
 4
 The petition of John Philip Stark, late of Wetgenstein Berleburg, in the empire of Germany, was read to the Court, setting forth that your petitioner has resided in the state of Pennsylvania five years, that he is now desirous of becoming a citizen of the United States conformably to the act of congress in such case lately provided; your petitioner therefore prays of the honorable Court that he may be admitted to citizenship upon his complying with the requisites of the act aforesaid, and your petitioner will pray, &c.
 
 
 5
 JOHN PHILIP STARK.
 
 
 6
 Jacob Hostler appearing in Court, and being duly sworn, says that the petitioner above named has resided within the state of Pennsylvania five years and upwards; and during that time he has behaved as a man of good moral character, attached to the principles of the constitution of the United States, and well disposed to the good order and happiness of the same.
 
 
 7
 JACOB HOSTLER.
 
 
 8
 Sworn and subscribed in open Court the 21st of May, 1804.
 
 
 9
 CHARLES W. HARTLEY.
 
 
 10
 John Philip Stark, the above petitioner appearing in open Court and being duly sworn, doth declare that he will support the constitution of the United States, and that he doth absolutely and entirely renounce and abjure all allegiance and fidelity to every foreign prince, potentate, state or sovereignty whatever, and particularly to Christein the prince of Wetgenstein Berleburg, in the empire of Germany.
 
 
 11
 JOHN PHILIP STARK.
 
 
 12
 Sworn and subscribed in open Court the 21st of May, 1804.
 
 
 13
 CHARLES W. HARTLEY.
 
 
 14
 Whereupon the Court admitted the said John Philip Stark to become a citizen of the said United States, agreeably to the prayer of his said petition, and ordered all the proceedings aforesaid to be recorded by the clerk of the said Court.'
 
 
 15
 The Plaintiff also proved by parol evidence that he being a free white person, did reside within the limits and under the jurisdiction of the United States, to wit: in the state of Pennsylvania, at some time between the 18th day of June, 1798, and the 14th day of April, 1802, viz: on the 1st day of October, 1798, and there continued to reside from that time until the 21st of May, 1804.
 
 
 16
 Whereupon, the Court, at the prayer of the Defendants, by their counsel, directed the jury that the Plaintiff had failed in proving the property insured under the policy, to be American property according to the warranty, and therefore was not entitled to recover.
 
 
 17
 To which instruction the Plaintiff took a bill of exceptions.
 
 
 18
 The act of congress of the 14th of April, 1802, vol. 6, p. 74, 'to establish an uniform rule of naturalization and to repeal the acts heretofore passed on that subject,' requires that the applicant should have made a previous declaration before some Court of record of his intention to become a citizen, & c. three years before his admission; and that the Court admitting such alien shall be satisfied that he has resided in the United States five years at least, and within the state or territory where such Court is at the time held, one year at least.
 
 
 19
 The act of 26th March, 1804, vol. 7, p. 136, dispenses with the previous declaration of intention, &c. as to such aliens, 'being free white persons, as were residing 'within the limits, and under the jurisdiction of the United States, at any time between the 18th day of June, 1798, and the 14th day of April, 1802, and who have continued to reside within the same.'
 
 
 20
 The objection made by the Defendants counsel to the record of naturalization of the Plaintiff was, that it did not appear by the record, that the Plaintiff had made a previous declaration of his intention to become a citizen, agreeably to the first provision of the act of 14th April, 1802; nor that he was residing within the limits and under the jurisdiction of the United States at any time between the 18th of June, 1798, and the 14th of April, 1802, and continued to reside therein so as to be entitled to the benefit of the act of the 26th of March, 1804.
 
 
 21
 It was contended also that parol evidence of these facts ought not now to be admitted in aid of the record.
 
 
 22
 On the part of the Plaintiff it was contended:1. That the decision of the Court of common pleas for the county of York was conclusive. That Court had power and authority to admit aliens to the right of citizenship—and having admitted the Plaintiff, the grounds of their decision cannot now be enquired into, nor the correctness of their judgment questioned.
 
 
 23
 2. That if the record of admission be not conclusive, yet it was competent for the Plaintiff to prove now by parol evidence the facts which did, at the time he was admitted, entitle him to the benefit of the act of the 26th of March, 1804.
 
 
 24
 HARPER, for the Plaintiff in error, and MARTIN, for the Defendant in error,
 
 
 25
 Submitted the question arising in this case without argument to the COURT, who, without giving a more particular opinion, pronounced the following JUDGMENT:
 
 
 26
 This cause came on to be heard on the transcript of the record and was argued by counsel, on consideration whereof, this Court is of opinion that the Circuit Court erred in directing the jury, that the Plaintiff had failed in proving the property, insured under the policy, to be American property. It is therefore considered by the Court, that the judgment of the Circuit Court be reversed and aunulled, and the cause remanded to that Court to be further proceeded in according to law.
 
 
 27
 
 Judgment reversed.