Pearson. C. J.
We agree with his Honor in respect of the effect of the coverture of the feme lessor, but we differ with him in respect to the proceedings in attachment. The fact, *524 that upon the return of the judgment and proceedings before the justice, the county court gave judgment, i. e. made an “order of sale,” cures all mere irregularity, and supplies a ground of presumption that every thing was rightly done, unless such presumption is rebutted by something appearing in the face of the proceedings sufficient to show that the case had never been properly constituted before a tribunal having competent jurisdiction; so as to make the proceedings “null and of no effect.” Skinner v. Moore, 2 Dev. and Bat. Rep. 138; 10 Peters’ 469; 7 Cranch 420; Clark v. Quinn, 5 Ired. Rep. 175.
This case was properly constituted in the County Court by the return of the levy, and of the judgment given by the justice of the peace for £6. 3. 6., which was within his jurisdiction. The omission of the magistrate to set out in the process a day of return, was a mere irregularity, cured by the fact that it was returned in the time required bylaw; and the fact that due advertisement had been made, falls under the rule, omnia jprmumwitur rite esse acta. The judgment of nonsuit must be reversed, and according to the agreement at the trial, judgment must be rendered for the plaintiff.
PeR Curiam, Judgment reversed.