Lawrence, J.
The relator has. by the judgment of the superior court of the city of New York, been naturalized as a citizen of the United States. That judgment cannot be attacked or impeached collaterally, and certainly not by a board of election officers, who are mere ministerial officers, and not a tribunal vested with the power to sit in review of the decision of a court of competent jurisdiction upon the question of *468 the right of the relator to citizenship (McCarthy v. Marsh, 5 N. Y. 263; The Acorn, 2 Abb. U. S. 434,443 ; Banks v. Walker, 3 Barb. Ch. 438 ; Stark v. Chesapeake. Ins. Co., 7 Cranch, 420 ; Spratt v. Spratt, 4 Pet. 393; People v. McGowan, 77 Ill. 644; Matter of Coleman, opinion of Blatchford, J.).
If there was fraud or error in the proceedings in the superior court, on a direct application to that .court, the judgment can be set aside. Mr. Justice Fbebdman of the superior court has already passed ' upon the validity of the relator’s naturalization, and declared it to be valid (Matter of Christern, 43 Super. Ct. [J. & S.] 523).
Let a mandamus issue directing the registration of the relator’s name.