### UNITED STATES v. SCHURR et al.

(District Court, W. D. Michigan, S. D.    August 4, 1908.)

ALIENS—NATURALIZATION—TERRITORIAL JURISDICTION OF COURT.

> Under Naturalization Act June 29, 1906, c. 3592, § 3, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 420), which provides that "the naturalization jurisdiction of all courts herein specified, state, territorial, and federal, shall extend only to aliens resident within the respective judicial districts of such courts," such jurisdiction extends only to aliens resident within the territorial jurisdiction of the court so admitting; and a circuit court of Michigan, which has jurisdiction only within the county in which it sits, cannot admit to citizenship an alien resident in another county, although within the same judicial circuit, throughout which the same judge presides.

Applications by the United States for cancellation of certificates of citizenship issued, respectively, to Carl Schurr, Leander Englund, Andrew Haggman, Samuel Olson, and Andrew Newman. The five applications were heard together.

J. Herbert Cole, Asst. U. S. Atty.

KNAPPEN, District Judge. Application is made on behalf of the United States, under section 15 of the immigration and naturalization act (Act June 29, 1906, c. 3592, 34 Stat. 601 [U. S. Comp. St. Supp. 1907, p. 427]), to cancel the certificates of citizenship issued to the respondents, respectively, by the Michigan state courts hereafter mentioned, upon the ground that the respondents were not, when so admitted, resident within the naturalization jurisdiction of the court so admitting to citizenship.

The five cases above entitled present the same question. In the first case the respondent was admitted to citizenship by the circuit

court for Osceola county. At the time of his application and admission he was a resident of Mason county. In the four remaining cases the respondents were admitted to citizenship by the circuit court for Mecosta county. Each of them, at the time of application for and admission to citizenship, resided in Newaygo county. Mason and Osceola counties are parts of the Nineteenth judicial circuit. Newaygo and Mecosta counties comprise the Twenty-Seventh judicial circuit. Section 3 of the act in question provides:

"That the naturalization jurisdiction of all courts herein specified, state, territorial, and federal, shall extend only to aliens resident within the respective judicial districts of such courts."

The question presented is whether an alien residing in a given county of a judicial circuit can be admitted to citizenship by the circuit court of another county in that circuit.

It is contended on behalf of the United States that, as applied to the courts of Michigan, jurisdiction under the section quoted extends only to aliens resident within the territorial jurisdiction of the court so admitting. In my opinion this is the correct construction of the statute. Section 6 of article 6 of the Constitution of Michigan provides for dividing the state into judicial circuits, and for the election of one circuit judge in each circuit. The circuit courts within that circuit, however, are not circuit courts for the circuit, but only for the respective counties within the circuit. As said in Turrill v. Walker, 4 Mich. 180:

"The circuit court for each county sits within and for the same, and is restricted to its local limits. Though their jurisdiction is general over the subject-matter of suits, yet, in respect to persons and property, it cannot be exercised beyond the limits of the county."

A given judicial circuit is, therefore, not the "judicial district of such court," but is the judicial district of the judge elected as judge of each of the circuit courts within that circuit or district.

It is suggested that the above-quoted language of the naturalization act was employed for the purpose of reaching a situation, said to exist in some of the states, whereby a court sitting in any county of the district could try cases originating in any other county of the same district. Such is not the law or the practice in this state. Whether or not the purpose was as so suggested, I am of the opinion that the statute, as applied to the courts of Michigan, should be construed as if it provided that the naturalization jurisdiction shall extend only to aliens resident "within the territorial jurisdiction of such courts." In the case of each of the respondents, admissions to citizenship were doubtless had in the utmost good faith, and upon the construction that the statute gave jurisdiction to admit to citizenship in the circuit court of any county in the circuit which contained the county of the alien's residence. But, in the view I take of the statute, the proceedings were without jurisdiction, and the respective certificates of citizenship were thus illegally procured within the meaning of the act referred to, and must be canceled.

Orders of cancellation will accordingly be made.