## UNITED STATES v. STOLLER.

(District Court, E. D. Washington, E. D. July 8, 1910.)

1. ALIENS (§ 67*)—NATURALIZATION—COURTS—JURISDICTION.

Act Cong. June 29, 1906, c. 3592, § 3, 34 Stat. 596 (U. S. Comp. St. Supp. 1909, p. 477), confers naturalization jurisdiction on the courts of the various states extending to aliens resident within the respective judicial districts of such courts. Const. Wash. art. 4, § 6, confers general jurisdiction on the superior courts of that state within their judicial districts, not limited to the counties composing the same, and by Rem. & Ball. Code, § 9050, Klickitat and Clarke counties are in the same judicial districts, the courts of those counties being presided over by the same judge. *Held* that, where an alien resident of such district was naturalized by such superior court while sitting in Clarke county, it was not a fatal objection to the naturalization that the alien was a resident of Klickitat county.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 131–137; Dec. Dig. § 67.*]

2. ALIENS (§ 68*)—NATURALIZATION—PETITION—FAILURE TO FILE IN DUPLICATE.

The provisions of Naturalization Act Cong. June 29, 1906, c. 3592, § 4, subd. 2, 34 Stat. 596 (U. S. Comp. St. Supp. 1909, p. 478), requiring a naturalization petition to be filed in duplicate, are directory only, so that a failure to comply therewith will not render the proceedings void.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–146; Dec. Dig. § 68.*]

3. JUDGMENT (§ 24*)—DEFINITION.

The judgment of a court is its pronouncement from the bench, the written order being merely the evidence of what the court decided, and the requirement that the judge sign it is directory.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 12; Dec. Dig. § 24.*

For other definitions, see Words and Phrases, vol. 4, pp. 3827–3842; vol. 8, pp. 7695, 7696.]

4. JUDGMENT (§ 270*)—ENTRY—RECORD.

A judgment duly pronounced, but not entered, is entitled to record.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 501–509; Dec. Dig. § 270.*]

5. ALIENS (§ 72*)—NATURALIZATION PROCEEDINGS—STATUTES—CONSTRUCTION —OFFENSES—"FELONY."

Naturalization Act Cong. June 29, 1906, c. 3592, § 9, 34 Stat. 599 (U. S. Comp. St. Supp. 1909, p. 482), provides that every final order which shall be made on a petition shall be under the hand of the court, and shall be entered in full on the record kept for that purpose, and section 18 makes it a felony for any clerk or other person to issue or be a party to the issuance of a certificate of citizenship contrary to the provisions of this act, except on a final order under the hand of a court having jurisdiction to make such order, etc. *Held*, that section 18 does not make it a felony to issue a naturalization certificate without final order under the hand of the court, but that the felony consists in issuing it contrary to the provisions of the act, unless it be on a final order under the hand of the court.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 72.*

For other definitions, see Words and Phrases, vol. 3, pp. 2736–2744; vol. 8, p. 7662.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. ALIENS (§ 68*)—NATURALIZATION—JUDGMENT—COLLATERAL ATTACK.
  A decree of naturalization is entitled to the same sanctity as other adjudications, and is not subject to collateral attack for mere failure of the court to comply with directory provisions of the statute.
  [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 145; Dec. Dig. § 68.*]

7. ALIENS (§ 69*)—NATURALIZATION PROCEEDINGS—JUDGMENT—CERTIFICATE.
  Where the court in a naturalization proceeding has rendered judgment admitting the alien to citizenship, the fact that the clerk issued a naturalization certificate before the final judgment had been signed and entered did not render such proceeding void under Naturalization Act Cong. June 29, 1906, c. 3592, § 18, 34 Stat. 602 (U. S. Comp. St. Supp. 1909, p. 486); such requirement being directory only and subject to correction nunc pro tunc.
  [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 69.*]

Petition by the United States of America against Frederick Stoller to cancel a certificate of naturalization issued by the clerk of the superior court of Washington for Clarke county. Application denied.

Joseph B. Lindsley, U. S. Atty.
John Speed Smith, of counsel, for Naturalization Bureau.

WHITSON, District Judge. This is a proceeding by petition to cancel a certificate of naturalization issued to the respondent by the clerk of the superior court of the state of Washington for the county of Clarke. The facts set up and relied upon are:

(a) That the respondent was a resident of Klickitat county at the time his petition was filed.

(b) That the petition was not made and filed in duplicate.

(c) That prior to the issuance of the certificate no order of court admitting respondent had been signed, but subsequently a nunc pro tunc order was signed and entered.

These assignments embrace the errors deemed fatal to the action of the state court.

First. Section 3 of the act of June 29, 1906 (Act June 29, 1906, c. 3592, 34 Stat. 596 [U. S. Comp. St. Supp. 1909, p. 478]), designates the courts that are authorized to naturalize aliens, and the superior courts of this state, being courts of record, are embraced within its provisions. This section also provides:

"That the naturalization jurisdiction of all courts herein specified, state, territorial, and federal, shall extend only to aliens resident within the respective judicial districts of such courts."

Klickitat and Clarke counties are in the same judicial district, and the courts of those counties are presided over by the same judge. Rem. and Ball. Codes, § 9050. While in United States v. Schurr et al. (D. C.) 163 Fed. 648, it was held that a petitioner for naturalization must under the language above quoted file his petition in the county of his residence, the holding was based upon constitutional restrictions on jurisdiction of the circuit courts of the state of Michigan. In this state the superior courts are not thus limited. See article 4, § 6, State Const.; 1 Rem. & Ball. Code, p. 73, and cases there noted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The respondent, then, was within the letter of the law when he filed his petition in the judicial district in which he resided, and he was entitled to select the county of that district which best suited his convenience.

Second. We have seen that the superior court was acting in virtue of the authority conferred by the act of Congress. It is not alleged that the respondent failed to file a petition, but that he failed to make and sign it in duplicate. It will be observed that the language of the statute is very specific:

"That exclusive jurisdiction to naturalize aliens as citizens of the United States is hereby conferred upon the following specified courts," etc.

By this was meant the power to entertain and decide. The statute repeatedly refers to "the petition." See section 4. The second subdivision of this section does require that it be made and filed in duplicate; but, since the power was conferred upon the court and a petition duly verified was filed, the omission to file it in duplicate was nothing more than an irregularity. It did not affect the jurisdiction. The court could and should, of course, have required a literal compliance with the statute, but the view that its action upon the petition was void for the reason that its power was not thus invoked does not comport with the analogies of the law in the construction of statutes. For instance a statute required the consent of the father to a marriage. It was held that a marriage without it was not void. So a statute which required that contracts "shall be signed by the commissioner" did not render void a contract not thus signed. Again, where a court-martial was to be appointed in June and was not appointed until July, the statute was held to be directory. These illustrations are taken from Sedgwick on Construction of Statutory and Constitutional Law (2d Ed.) p. 318 et seq., where numerous other cases to the same effect are cited by the learned author. My conclusion is that the provision requiring the petition to be filed in duplicate is directory; that it might be corrected on appeal if this court could sit as one of revision, but the failure to so file does not render nugatory the act of a court admitting an applicant without it.

Third. Section 9 provides that every final order which shall be made upon a petition shall be under the hand of the court and entered in full upon a record kept for that purpose, while section 18 in part reads as follows:

"That it is hereby made a felony for any clerk or other person to issue or be a party to the issuance of a certificate of citizenship contrary to the provisions of this act, except upon a final order under the hand of a court having jurisdiction to make such order, and upon conviction thereof," etc.

Whatever may have been in the mind of the framer of this section, it cannot escape notice that it is not made a felony to issue a certificate without the final order under the hand of the court. The offense consists in issuing it contrary to the provisions of the act unless it be upon a final order under the hand of the court. In other words, when the court under its hand orders the clerk to issue a certificate, the clerk is not held responsible if the court falls into an error of law. If he issues the certificate without the order under the hand of

the court, and it is not in compliance with the law, then he is guilty of a felony. It can hardly be supposed that the purpose was to prescribe a rule so productive of delay and inconvenience as that contended for and at the same time overturn procedure so well understood and long acquiesced in. The judgment of a court is its pronouncement from the bench. The written order is but the evidence of what the court has decided. Freeman on Judgments (4th Ed.) § 38. The requirement that the judge sign is directory. Id. § 50e. Judgments duly pronounced, but not entered are entitled to record. Id. § 61. It seems that the court pronounced its judgment, but had not signed the order at the time the certificate was issued. Since that time it has corrected this by entry nunc pro tunc thereby expressing the finding made at the time, but not placed of record. These objections to the certificate are but irregularities. They do not affect the power of the court; and, where jurisdiction exists, unless a court acts in excess of its power, it is not competent for another court of co-ordinate jurisdiction to inquire of its mistakes, nor to overrule its erroneous construction of the law unless clearly without authority. In other words, the general rule applicable to judgments applies to those judgments which admit persons to citizenship. This rule is that they are not subject to attack unless they are void or obtained through fraud. If voidable only, they must be corrected by application in the court of original jurisdiction, and by appropriate appellate proceedings if relief be there denied. Occasion arose in this court to consider the rule applicable to such cases in Re Meyer, 170 Fed. 983, where the conclusion was reached that there must be a want of jurisdiction, or action in excess of the power authorized by the statute, before one court will undertake to treat as null the action of another possessed of equal authority. Several cases were there cited, and to those the following are added as holding that a judgment admitting to citizenship is entitled to the same sanctity as any other adjudication. Campbell v. Gordon and Wife, 6 Cranch, 175, 3 L. Ed. 190; Stark v. Chesapeake Ins. Co., 7 Cranch, 420, 3 L. Ed. 391; Spratt v. Spratt, 4 Pet. 405, 7 L. Ed. 897. Judge Dietrich in United States v. Anderson (D. C.) 169 Fed. 201, in expressing practically the same view, also regarded it as a matter of delicacy for one court to thus question the decree of another. He suggested that opportunity is open by way of appeal from the decision of state courts instead of application to the federal courts for the correction of errors; for it is to be remembered, as was there pointed out, that those courts, cannot exercise appellate jurisdiction. The court whose action is here complained of can as rightfully supervise a judgment of this court as it can a judgment of that court. The statute provides that certificates may be canceled "on the ground of fraud or on the ground that such certificate of citizenship was illegally procured." The sense in which the illegality mentioned is to be understood is something of a more serious nature than the omission to strictly comply with directory provisions of the statute; otherwise, courts might be kept busy upsetting each other's judgments. Fraud is not charged. Reliance is simply had upon the fact that the court did not proceed literally according to the provisions of the act, and hence this court is asked to regard the action

taken as null and void and send the respondent back to repeat the proceedings, to the end that the technical requirements of the statute may be strictly followed. Thus it stands, for the presumption is that the court so found. Respondent is not disqualified for citizenship. He is long enough a resident. He is attached to the principles of the Constitution and is of good moral character. He is neither an anarchist nor polygamist. He is therefore entitled to admission. He has been admitted by a court fully empowered to act in the premises, but through no fault of his own certain formalities required by the law were omitted. Those safeguards against undesirable persons so explicitly made the very essence of the right to admission have not been overlooked, but unfortunately, while entrance was made by the right door, it was opened in a bungling way. We have very high authority for the proposition that "the letter killeth but the spirit giveth life," and its application seems appropriate in this case for no excess of power has been pointed out.

Petition dismissed.