## THE CITY OF NORWICH.

(District Court, E. D. New York. June 18, 1921.)

1. **Judgment** ☞345—**Opinion filed is not final decree, which precludes further hearing after expiration of term.**

    An opinion filed, unless so written as to indicate that intention, is not to be deemed a final decree within the rule that the court is without power to vacate or modify its decree after expiration of the term.

2. **Seamen** ☞13, 19—**Under British law entitled to wages, transportation, and maintenance on wrongful discharge.**

    Seamen on a British vessel, wrongfully discharged in this country, *held*, under British law proved, entitled to wages, transportation, and maintenance.

In Admiralty. Suit by Fazel Ahammed and 32 others against the steamship City of Norwich. Decree for libelants.

See, also, 273 Fed. 304.

Silas B. Axtell, of New York City, for libelants.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (V. S. Jones and Clietus Keating, both of New York City, and L. De Grove Potter, of White Plains, N. Y., of counsel), for claimant.

GARVIN, District Judge. Libelants, more than 30 in number, are in a strange land, apparently penniless, and practically friendless. There should be a prompt adjudication of their claim, so that they may have immediate relief. I shall therefore attempt little more than a statement of my conclusions.

[1] After a trial of the issues, the court filed an opinion in writing, by which the libel was dismissed without costs. Before the term expired counsel for libelants applied to the court for permission to amend the libel and take further proof. After the expiration of the term during which the case was tried and opinion filed, the libelants obtained permission to reopen the case and to amend the libel, in order that British law might be pleaded and then proved. The application was granted, the libel has been amended by setting up British law, which has now been proved.

The claimant asked that the libel again be dismissed, on the ground that the opinion of the court, which directed that the libel be dismissed, without costs, constituted a final decree, and that, inasmuch as the term at which it was rendered had expired, this court had no power to reopen the case. It is undoubtedly true, generally speaking, that with the expiration of the term within which a final decree is entered all power to set aside, vacate, modify, or annul the same is lost. Winslow v. Staab, 242 Fed. 427, 155 C. C. A. 202, is a recent authority for this well-settled rule.

I do not understand, however, that an opinion of a court is its decree, unless perhaps the opinion is so worded as to make it apparent that the court intended to make no further decree in the matter. That was not the case here. The opinion was in a form very common and invariably followed by a decree. I have considered In re Barnes, Fed.

Cas. No. 1,011, and United States v. Stoller (D. C.) 180 Fed. 910; but I do not regard either as authority for the proposition that the written opinion of the court, rendered after submission of the case, and for the purpose, at least in part, of explaining the applicability of controlling principles of law, is to be deemed the decree of the court, unless it be written so as to indicate such an intention.

[2] The case has been again submitted, after British law has been proved. By that law libelants are entitled to recover wages, transportation, and maintenance, inasmuch as the court found, and now finds, that they were wrongfully discharged and that their contract was broken. No general damages for hardship in connection with sleeping on the pier will be allowed. There will be, therefore, a decree for the libelants. No reference to ascertain the damage, as the amount will be fixed when the decree is signed and after hearing counsel. Settle decree on notice.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes