### In re ROTHKOWITZ.

(District Court, D. Oregon. January 7, 1924.)

No. 3357.

**Aliens &⇒68—Literal compliance with Naturalization Act in matter of renouncing foreign sovereign essential.**

Under Naturalization Act June 29, 1906, § 4, subd. 1 (Comp. St. § 4352), requiring applicant in his declaration of intent to renounce foreign allegiance, renunciation through mistake of allegiance to sovereign other than one to which applicant is subject precludes granting of citizenship.

Naturalization petition. In the matter of the petition of Chone Rothkowitz to become a citizen of United States by naturalization. Petition for citizenship denied.

Arthur A. Goldsmith, of Portland, Or., for petitioner.

V. W. Tomlinson, of Portland, Or., Examiner in Charge.

WOLVERTON, District Judge. The petitioner was born in Russia, and came, with his wife, from Libau, Russia, direct to the United States. At the time he filed his peti-

tion for naturalization, he was a resident of Portland, Or. In his declaration of intention he renounced "all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly to George V, King of Great Britain and Ireland, of whom I am now a subject." The petitioner now claims, in a proceeding for his naturalization, that by mistake he was made to renounce his allegiance to George V, King of Great Britain and Ireland, whereas he should have renounced his allegiance to Russia.

The question for consideration is whether he should be permitted to receive his final papers, notwithstanding the mistake that crept into his declaration of intention. It is strongly insisted that the mistake is not jurisdictional, and that the court has the authority to allow, at this time, an amendment of the declaration of intention to comport with the facts.

During the argument it was insisted that the mistake was clerical in its nature, and, being of that character, that the court was fully authorized to allow the amendment. The statute (section 4, subd. 1, Naturalization Act June 29, 1906 [Comp. St. § 4352]) provides that the applicant, in his declaration of intention, shall declare "that it is bona fide his intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly, by name, to the prince, potentate, state, or sovereignty of which the alien may be at the time a citizen or subject."

It appears that the District Courts are not uniform touching the question whether this provision of the statute is mandatory, and is required to be pursued literally in order to entitle the applicant to proceed to the acquirement of his final papers. The Circuit Court of Appeals, however, of the Second Circuit, in the case of United States v. Vogel, 262 F. 262, has declared that, in order to entitle the applicant to his citizenship, he must have pursued this statute literally. It would seem that such decision is in line with the thought as promulgated on several occasions by the Supreme Court of the United States, and especially in United States v. Ginsberg, 243 U. S. 472, 474, 37 S. Ct. 422, 61 L. Ed. 853, and Johannessen v. United States, 225 U. S. 227, 240, 32 S. Ct. 613, 56 L. Ed. 1066. In the first case the court says:

"An alien who seeks political rights as a member of this nation can rightfully obtain them only upon terms and conditions specified by Congress. Courts are without authority to sanction changes or modifications; their duty is rigidly to enforce the legislative will in respect of a matter so vital to the public welfare."

And in the second case:

"His claim is of favor, not of right. He can only become a citizen upon and after a strict compliance with the acts of Congress. An applicant for this high privilege is bound, therefore, to conform to the terms upon which alone the right he seeks can be conferred. It is his province, and he is bound, to see that the jurisdictional facts upon which the grant is predicated actually exist, and if they do not he takes nothing by his paper grant."

So it would seem that a strict compliance with the statute is essential, in order to gain citizenship in this country. While the suggestion that the error which attends the declaration of intention was clerical in character only, impressed me at the time, after a careful examination of the leading authorities, I am firmly of the view that the matter of mistake is vital, and that the requirement of the statute is, by intendment, one which should be strictly complied with. What the statute has declared shall be done cannot be dispensed with.

The petition for citizenship must therefore be denied.