In re OLANOFF.

No. 21056.

District Court, E. D. Pennsylvania.

Oct. 28, 1930.

Jacob Olanoff, of Philadelphia, Pa., for petitioner.

Mark Thatcher, Asst. U. S. Atty., of Philadelphia, Pa.

THOMPSON, District Judge.

The petitioner, Jacob A. Olanoff, filed his petition setting out that he is the attorney for Max Olanoff residing in Brooklyn, N. Y.; that Max Olanoff is a citizen by virtue of the naturalization of his father, Nathan Olanoff, as shown by a certificate of naturalization issued to him in this court on May 4, 1916; that Max Olanoff has requested from the clerk of the court a certified copy of the petition and order showing the naturalization of his father, Nathan Olanoff, giving as reason therefor the necessity of obtaining a passport to travel abroad. The clerk refused to grant the request. In his answer he admits the facts, but avers that a certified copy of the petition and order is not necessary for the purpose set forth, and further avers that he has no authority to issue a certified copy of the record as prayed for.

Prior to the passage of the Act of June 29, 1906, 34 Stat. 596, the usual proof of naturalization was a copy of the record of the court admitting the applicant. Contzen v. United States, 179 U. S. 191, 21 S. Ct. 98, 45 L. Ed. 148. Section 27 of that act (8 USCA § 409), however, provides for the form of certificates of naturalization to be used in the proceedings to which it relates.

Section 28 of the act of 1906 (8 USCA § 356) provides that:

"Certified copies of all papers, documents, certificates, and records required to be used, filed, recorded, or kept under any and all of the provisions of this Act shall be admitted in evidence equally with the originals in any and all proceedings under this Act

and in all cases in which the originals thereof might be admissible as evidence."

The petitioner avers that he derives citizenship through naturalization of his father. Section 33 of the Act of March 2, 1929 (8 USCA § 399c(a, b), provides as follows:

"(a) Any individual over twenty-one years of age who claims to have derived United States citizenship through the naturalization of a parent, or a husband, may, upon the payment of a fee of $10, make application to the Commissioner of Naturalization, accompanied by two photographs of the applicant, for a certificate of citizenship. Upon obtaining a certificate from the Secretary of Labor showing the date, place, and manner of arrival in the United States, upon proof to the satisfaction of the commissioner that the applicant is a citizen and that the alleged citizenship was derived as claimed, and upon taking and subscribing to, before a designated representative of the Bureau of Naturalization within the United States, the oath of allegiance required by the naturalization laws of a petitioner for citizenship, such individual shall be furnished a certificate of citizenship by the commissioner, but only if such individual is at the time within the United States. In all courts, tribunals, and public offices of the United States, at home and abroad, of the District of Columbia, and of each State, Territory, or insular possession of the United States, the certificate of citizenship issued under this section shall have the same effect as a certificate of citizenship issued by a court having naturalization jurisdiction.

"(b) Any person who (1) knowingly issues or is a party to the issuance under this section of a certificate of citizenship not authorized by the provisions of this section; * * * shall be guilty of a felony and on conviction thereof shall be fined not more than $5,000, or imprisoned not more than five years, or both."

Section 32 of the same act (8 USCA § 399b) makes similar provisions for the issuance by the Commissioner of Naturalization of a new certificate of citizenship or declaration of intention in case the original is lost, mutilated, or destroyed.

Section 18 (8 USCA § 410) declares:

"It shall be a felony for any clerk or other person to issue or to be a party to the issuance of a certificate of citizenship contrary to the provisions * * * of this title, except upon a final order under the hand of a court having jurisdiction to make such order, and upon conviction thereof such clerk or other person shall be punished by imprisonment for not more than five years and by a fine of not more than $5,000, in the discretion of the court."

The purposes of the act of 1906 and subsequent acts, in relation to the issuance of certificates of naturalization, are apparent. The fraudulent issuance and fraudulent use of certificates of naturalization had become prevalent. False certificates were used for the purpose of unlawful voting and for other unlawful purposes. Clerks of the courts and parties having access to the seal of the court were selling certificates of naturalization unlawfully procured, and it was, apparently, in order to suppress those frauds and crimes, that the pertinent provisions of the acts of 1906 and 1929 became part of the law.

While section 28 of the act of 1906 makes certified copies of papers, documents, certificates, and records required to be used, filed, recorded, or kept under the provisions of the act admissible in evidence equally with the originals, that section has no bearing upon the question whether or not a certified copy of the record may be supplied to a citizen where Congress has expressly provided the means for supplying him, through the Commissioner, with a certificate of naturalization having the same effect as a certificate issued by a court of naturalization jurisdiction. What the petitioner is asking for, namely, a certified copy of the records of the court, would be, to all intents and purposes, a certificate of naturalization. But the act of 1906 provides that the certificate of naturalization shall be in the form there prescribed. If certified copies of the entire proceedings of the court were to be issued in a case of this nature, the safeguards intended to be thrown about the issuance of such certificates would be entirely nullified.

It is not necessary in this proceeding to consider what would be done in case of the necessity of having certified copies of papers used in naturalization cases for use as evidence to prove facts other than the mere fact of naturalization of his father, through which he derives his citizenship. As proof of that fact, the naturalization certificate is the best evidence under the acts of Congress.

The petition is dismissed, and order denied.