**BRASSERT v. BIDDLE, Atty. Gen. of United States.**

No. 225.

Circuit Court of Appeals, Second Circuit.

Feb. 14, 1945.

Robert P. Butler, U. S. Atty., of Hartford, Conn. (Thomas J. Dodd, Sp. Asst. to Atty. Gen., and Walter Stein, Special Inspector, Immigration and Naturalization Service, U. S. Dept. of Justice, of Philadelphia, Pa., on the brief), for defendant-appellant.

Bernard Phillips, of New York City (Scandrett, Tuttle & Chalaire, of New York City, on the brief), for plaintiff-appellee.

Before HUTCHESON, SIMONS, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Plaintiff, Brassert, was born in England in 1875 and entered this country about 1897. He filed a declaration of intention to become a citizen of the United States on August 4, 1904, in the office of the Clerk of the District Court for the Western District of Pennsylvania at Pittsburgh, and claims

to have been admitted to citizenship there in January or February, 1908. There is no question but that he has exercised all the privileges of citizenship, including voting, securing passports and patents, serving on juries, and paying taxes, for many years. In 1941, when returning from a trip to the Bahamas, he found it necessary, in accordance with regulations then existing, to procure a certificate of identity to permit his re-entry into the United States. For this purpose he voluntarily surrendered to the Immigration and Naturalization Service a duplicate certificate of naturalization, which the Service has refused to return. It purports to have been issued by the Clerk of the District Court at Pittsburgh on December 24, 1908, and recites that plaintiff was admitted to citizenship on August 4, 1904, before Judge Buffington of that court. But since the date of admission as given on the certificate was actually that of plaintiff's filing of his declaration of intention, and no court record of plaintiff's naturalization has been discovered, the Service took the position, since steadily maintained by all government officials, that plaintiff was not a naturalized citizen.

Thereupon plaintiff brought this suit under § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, claiming to be a naturalized citizen of the United States to whom defendant had denied the rights and privileges appertaining to his citizenship status. In a cross-complaint defendant asked that plaintiff's duplicate certificate of naturalization be confiscated, cancelled, and declared null and void, and of no legal effect. The District Court gave a judgment decreeing that plaintiff is and has been a citizen since "on or before December 24, 1908," and ordering the duplicate certificate cancelled only in the event that plaintiff be issued a new certificate reciting his admission to citizenship. And from this judgment defendant now brings this appeal.

At the trial plaintiff took the stand and was examined and cross-examined at length. Defendant claims that the contradictions in his testimony and its conflict with an earlier examination before an immigration official as to date and place of his naturalization and the witnesses he then presented cannot support a finding of citizenship. While this testimony did leave important details in doubt, it supported the ultimate fact of naturalization and perhaps might have been relied on more than the District Court actually did; plaintiff's haziness as to details seemed to signify natural doubts after the passage of years, rather than a manufactured story, and was at least partially explained by his mental condition at that time, due to increasing business commitments in different cities and the sickness and death of his first wife from tuberculosis. Moreover, his account of receiving the duplicate certificate from the court clerk in December, 1908, upon his application, after the wallet containing his original certificate had been lost on a trip to Europe the previous summer, seems not unworthy of belief. But the District Court definitely placed its finding of citizenship upon the duplicate certificate. The question before us is, therefore, whether this certificate constituted competent and sufficient evidence of plaintiff's citizenship, notwithstanding the obvious error it contained as to the date. As the court found, the signature of the clerk thereto and the seal of the court thereon are genuine and unquestioned.

■ Defendant's objection to the certificate as evidence because of failure to discover the original court records does not seem to us sound. Early cases, such as Charles Green's Son v. Salas, C. C. S. D. Ga., 31 F. 106; Miller v. Reinhart, 18 Ga. 239; Dolan v. United States, 8 Cir., 133 F. 440, requiring full transcripts of the court records, are not in point, since they were decided prior to 1906, under a statute that did not authorize the issuance of certificates of naturalization. Certificates issued subsequent to the Act of 1906 constitute prima facie evidence of citizenship, and no certified copy of the court record is required. In re Olanoff, D. C. E. D. Pa., 44 F.2d 188. But certified copies of the record or other papers filed with the court may be issued and when so issued are competent evidence to the extent that the originals would have been. 8 U.S.C.A. § 727 (g). Any other rule might indeed be intolerable in these days when old records and monuments are being so freely destroyed. As the District Court properly pointed out, testimony of failure now to locate the proper court record is essentially negative in character, not necessarily showing that such record does not actually exist, or did not at the time. We think the duplicate certificate was properly held prima facie evidence of plaintiff's citizenship, notwithstanding failure to discover the original court record. United States v. Brelin, 8 Cir., 166 F. 104.

Nor do we accept defendant's further contention that the probative effect of the certificate is destroyed because it fails to include all of the details required under the Act of 1906, 34 Stat. 596, 603, and the regulations promulgated thereunder by the Secretary of Labor. 8 U.S.C.A. §§ 408, 409. Clerical mistakes in connection with the issuance of a certificate do not constitute sufficient ground for its cancellation, United States v. Stoller, D. C. E. D. Wash., 180 F. 910, and therefore have no effect on its evidentiary worth. The only cases from which a contrary inference might be drawn involve such serious steps in the ceremony of naturalization as the certificate of arrival and the renunciation of allegiance to a foreign sovereign. United States v. Ness, 245 U.S. 319, 38 S.Ct. 118, 62 L.Ed. 321; United States v. Vogel, 2 Cir., 262 F. 262; In re Sultan, D. C. N. D. Cal., 54 F.2d 711; In re Rothkowitz, D. C. Or., 2 F.2d 634; Ex parte Eberhardt, D. C. E. D. Mo., 270 F. 334. Further, and more to the point for our present issue, is the distinguishing fact that all the cited cases involve omissions or errors in the petitioner's own jurisdictional allegations, not in the court's record or recital of what took place in the proceedings. True, the error in the certificate as to the date is an important one; but there is nothing in the record to suggest that plaintiff had anything to do with it; and as a layman he can hardly be charged with negligence in failing to note what passed muster with the State Department as a basis for passports in 1919, 1920, and 1924 according to the legends stamped upon the document. Obviously its trustworthiness is lessened by reason of the error. But as the District Court said, the entire testimony of a witness is not necessarily rejected because it is erroneous in some particulars; and if the certificate is to be held admissible at all, as we hold, it should be subject to evaluation like other proof.

When so considered it seems difficult to escape the conclusion reached below. Here is an authentic formal document of a court reciting certain proceedings, which have since been relied on as signifying the change of status they purport to effect. It does not seem resonable now to deny it effect. As a matter of fact, the very court here involved corrected its own records in a perhaps more serious aspect and de-nied the government's petition to cancel a certificate of naturalization in United States v. Viaropulos, D. C. W. D. Pa., 221 F. 485. We sympathize with the able argument of the United States Attorney contending for the preservation of the authenticity and regularity of naturalization certificates. But we do not believe it either legal or practicable to hold that a certificate actually issued by a court of competent jurisdiction must lack all effect unless it fully, accurately, and completely reflects records which must be kept available at all times. Had every vestige of a record or certificate here been destroyed, it seems clear that evidence aliunde would be available. Boyd v. State of Nebraska ex rel. Thayer, 143 U.S. 135, 180, 12 S.Ct. 375, 36 L.Ed. 103. The situation should not be rendered less favorable to the plaintiff here where some evidence of record is available. Plaintiff has lived in this country for nearly half a century, until he is now seventy years of age, as an exemplary business man and head of a family, exercising the obligations and privileges of citizenship on the basis of a court document which to a layman would seem imposingly adequate. Now to deny it any value and to hold him and his present wife, therefore, aliens in point of law seems to us an approach to judicial records as unreasonable as it is inequitable.

The District Court raised question of its own jurisdiction to proceed under 8 U.S.C.A. § 903, which provides for a judicial declaration that one is "a national of the United States" upon denial of rights and privileges as such, pointing out that "national" may be a more inclusive term than "citizen." But it concluded that its jurisdiction was complete under the Declaratory Judgments Act. 28 U.S.C.A. § 400; Perkins v. Elg, 307 U.S. 325, 350, 59 S.Ct. 884, 83 L.Ed. 1320, modifying and affirming 69 App.D.C. 175, 99 F.2d 408. While we agree that the latter Act might be a sufficient basis for the judgment we think it too narrow a reading of the procedure set forth in the Nationality Act itself to hold it unavailable here. One of the two statutory definitions of "national of the United States" is "a citizen of the United States," 8 U.S.C.A. § 501 (b), and, when nationality depends upon and is identical with citizenship, § 903 appears to be applicable according to its direct wording.

Affirmed.