**LINZALONE v. DULLES et al.**

United States District Court
S. D. New York.
March 15, 1954.

Joseph J. Davidson, New York City, for plaintiff.

J. Edward Lumbard, U. S. Atty., Southern Dist. of N. Y., New York City, for defendants; Philip M. Drake, New York City, of counsel.

SUGARMAN, District Judge.

In an action commenced under Public Law 414, ch. 477, 66 Stat. 163 [1] against the Secretary of State and others for a declaration that plaintiff is a citizen of the United States and for other relief, defendants move for an order dismissing the action on the grounds (1) the court lacks jurisdiction over the subject matter and (2) plaintiff has failed to state a claim upon which relief can be granted.

The court has jurisdiction of the subject matter of this action, namely, a claim for declaratory judgment of plaintiff's status as a citizen of the United States if plaintiff has stated a claim upon which relief can be granted under the statute.[2] Therefore, decision of the second branch thereof will dispose of the entire motion.

The defendants urge that the complaint is deficient in that plaintiff fails to allege therein that there has been a final administrative determination of his claim to the right or privilege which he complains has been denied him.

The statute provides in pertinent part "An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege * * *".

Defendants contend that this quoted provision is to be construed as requiring first, a "final administrative denial"

1. 8 U.S.C.A. § 1503.

2. 8 U.S.C.A. § 1503(a).

of a right or privilege claimed by a person as a national of the United States before he can bring on an action against the head of the department or agency under Section 1503(a) and second, that there can be no "final administrative denial" without an administrative proceeding.

■■ I do not agree with the second branch of defendants' construction of the quoted language. Obviously a "final administrative denial" is a prerequisite by virtue of the language of Section 1503 (a). However, a final administrative denial as the result of the exhaustion of remedies in an administrative proceeding is not a condition precedent to commencement of the action unless an administrative proceeding exists as to the particular wrong of which a plaintiff complains. If there is no administrative proceeding available to relieve the party, then the administrative denial is final and an action will lie under the Act.[3]

As was said by the Court of Appeals for the 9th Circuit in discussing Section 503 of the Nationality Act of 1940,[4] the predecessor of present Section 1503, "Nothing in the  * * *  text suggests that the 'action  * * *  for a judgment declaring him to be a national' is to succeed some prior administrative proceeding. This section is largely invoked where there has been no administrative proceeding at all".[5]

■ Having concluded that where no administrative proceeding is available, the administrative denial complained of is final, inquiry must be made as to the Congressional reason for incorporating the last sentence into Section 1503(a). It would appear that the purpose was merely to impose a terminal limitation

on the time within which an action may be brought under the section. This interpretation flows from House Report 1365, February 14, 1952, (to accompany H.R. 5678)[6] wherein the only reference to this sentence is "The bill requires institution of proceedings within a period of 5 years after the final administrative denial of a claim to citizenship".

■ The complaint discloses that plaintiff pleads the "final administrative denial" of his right or privilege as a national of the United States by the issuance of a "Certificate of The Loss of the Nationality of the United States" on September 23, 1949 and the subsequent approval thereof by the Secretary of State upon which was predicated proceedings for plaintiff's deportation. Such certification was a final administrative determination of plaintiff's loss of nationality by the Department of State.[7] It finally denied the plaintiff the right or privilege as a national of the United States to have his status as such recognized and to be free from the obligation of appearing at and defending the deportation proceeding commenced subsequent to that certification of loss of his nationality.

We have here a much more formal act by the administrative agency than that in a case in this Circuit[8] wherein the mere withholding of a surrendered duplicate certificate of naturalization and the steady maintenance by government officials that plaintiff was not a naturalized citizen were held sufficient to warrant relief under the predecessor of Section 1503(a).

The motion to dismiss the complaint is denied. Settle order.

3. See McGrath v. Kristensen, 340 U.S. 162, 168, 169, 71 S.Ct. 224, 95 L.Ed. 173.

4. 8 U.S.C.A. § 903, prior to 1952 recodification.

5. Wong Wing Foo v. McGrath, 9 Cir., 196 F.2d 120, 122.

6. 2 U. S. Code Congressional and Administrative News, 82nd Cong., 2d Sess.1952, p. 1747.

7. 8 U.S.C.A. § 1501.

8. Cf. Brassert v. Biddle, 2 Cir., 148 F. 2d 134.